## GOTTSCHALK *vs.* DE LA ROSA.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a slave is adjudicated at auction on a credit, and the vendee refuses to comply with the terms of the sale; in the action brought against him the plaintiff should claim a compliance with these conditions or immediate payment; but in such a case, if the plaintiff demands an absolute judgment for immediate payment, the prayer for general relief will enable the supreme court to examine the case on its merits.

The plaintiff sold to the defendant for five hundred and sixty dollars, a female slave with a child, by public auction, on the 11th of May, 1832. The terms of payment were the purchaser's note payable in six months, with a satisfactory endorser. The slaves were delivered to the defendant, who refused to comply with the conditions of the sale.

Judgment was prayed for the amount of the purchase money. There was, also, a prayer for all other and further relief, which the nature of the case and equity required.

The defendant averred, that he had learned the mother was free, and that she had been kidnapped in Alabama; that she and her child were voluntarily remaining under his protection. He prayed that the sale be annulled, and the mother and child be decreed free.

In his amended answer, he alleged that suit had been instituted against him by the mother and her child for their freedom, and that the suit was then pending. He denied the right of the plaintiff to sue until that suit had been determined.

Judgment was rendered declaring the action premature. The plaintiff appealed.

*Strawbridge*, for plaintiff and appellant, contended there was error in the judgment, which should have been rendered for the plaintiff on the merits.

*Janin*, *contra*, urged that the judgment of the District Court be amended, and that there be judgment in favor of defendant on the merits, rescinding the sale, because

1. The pretended slave, Polly Jones and her child Mary, are free.

2. If their freedom were not sufficiently proved by the evidence on record, they were introduced into this state contrary to the laws thereof and with fraudulent papers, which circumstance will forever prevent the defendant from holding the said Polly and Mary as slaves, and exercising the rights of ownership over them.

MATHEWS, J., delivered the opinion of the court.

In this suit the price of a *mulatto woman and her child* is claimed from the defendant, as purchaser at a sale by auction. The conditions of the sale was that a note should be given, satisfactorily endorsed, payable six months after date. This condition, it is alleged, the defendant refused to comply with, and the immediate payment of the price, was claimed in the present action, &c.

The defendant pleads, as a defence against the recovery of the price, freedom of the persons sold; and that they had been introduced into the state contrary to the acts of the

legislature, as they then existed, relating to the introduction of slaves, &c.

EASTERN DIS.
March, 1834.

GOTTSCHALK
vs.
DE LA ROSA.

The court below dismissed the suit as having been prematurely brought, and the plaintiff appealed.

The points filed on the part of the defendant in the Supreme Court, correspond with the pleas above stated.

The action is not brought in the most correct form, it would have been more technical, had it been instituted in the alternative, requiring the defendant either to comply with the condition of the sale or pay the price. There is, however, a prayer for general relief, which we believe enables us to decide the cause on its merits, and as the term of payment has long since elapsed, justice requires that this should be done.

Where a slave is adjudicated at auction on a credit, and the vendee refuses to comply with the terms of the sale, in the action brought against him, the plaintiff should claim a compliance with those conditions or immediate payment; but in such a case, if the plaintiff demands an absolute judgment for immediate payment, the prayer for general relief will enable the Supreme Court to examine the case on its merits.

Freedom, as pleaded, is not supported by the evidence of the case. But the defendant has also pleaded an action pending against him, commenced on the part of the slaves now in controversy, to recover their liberty, and the tendency of such suit is admitted to be true.

As to the laws relating to the introduction of slaves into the state, relied on by the counsel for the appellee, they have been all repealed; consequently, persons who dealt in slaves, even admitting that they were introduced contrary to those laws, are no longer liable to suffer the penalties inflicted, and freedom of the slaves was not a consequence of the violation of law in their introduction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided, reversed and annulled, and that the suit be reinstated. And proceeding here to give such judgment as, in our opinion, ought to have been given in the court below. It is, further, ordered, adjudged and decreed, that the plaintiff and appellee do recover from the defendant and appellant, the sum of five hundred and sixty dollars, with interest at the rate of five per cent per annum, from the 11th of November, 1832, until paid, with costs in both courts. But it is ordered, that no execution shall issue on this judgment, until the plaintiff

give to the defendant, good and sufficient security, to be approved of by the court below, to save and keep the latter free from all injury which may accrue in the event of the slaves establishing their claim to freedom, in the suit now pending for that purpose.