## No. 13,847.

## Duke Hodge vs. The Monroe Mercantile Company, Limited.

### Syllabus.

#### On Motion to Dismiss Appeal.

1.   Where a motion for appeal asks that the same be made returnable "according to law," and the judge errs in fixing the return day, and it does not appear that to the appellant is this error imputable, the appeal will not be dismissed.

Hodge vs. Mercantile Co., Ltd.

2.  A, in execution of a judgment against B, seizes goods of the value of $500 belonging to C. The latter, claiming ownership, enjoined the sale, and in the same action sued for damages exceeding $2000. *Held*—What is at issue is the ownership of the goods, valued at $500, plus the damages claimed, and this court alone has jurisdiction of the case on appeal.

3.  Since, to recover damages, plaintiff must establish his ownership of the goods, it results that to the court having jurisdiction of the demand for damages must necessarily be committed the power to determine the question of ownership *vel non*. If the value of the goods *exceed* $2000 and the amount of damages claimed is *less* than $2000, the case must be brought here on appeal, and *vice versa*.

4.  The appeal here can not be dismissed because of the fact that, concurrently, an appeal in the cause was taken to the Court of Appeals—it not appearing that the appeal had been lodged in the latter court prior to its lodgment here.

### On the Merits.

1.  There is no provision of statutory law and no decision of this court which forbid the cumulation of the two causes of action—demand to be decreed owner of personal property seized for the debt of another, and damages for its unlawful seizure.

2.  Nor is plaintiff's right to demand damages *of the judgment creditor* limited to an action on the indemnity bond which the sheriff exacted from the creditor at the time of the seizure.

APPEAL from the Thirteenth Judicial District, Parish of Rapides —*Blackman, J.*

Robert P. and R. A. *Hunter*, for Plaintiff, Appellee.

E. Tyler Lamkin, and White & Thornton, for Defendant, Appellant.

The opinion of the court was delivered by

Blanchard, J. A motion to dismiss this appeal is filed.

The first ground is that the order of appeal fixes the return day thereof at a date more than sixty days from the rendition of the judgment appealed from.

In point of fact the trial judge, through error of calculation, made the appeal returnable sixty-two days from the date of his order granting the appeal, instead of sixty days as was his intention. He certifies to this over his own signature, and states, further, that the error was his and not that of appellants, whose motion for appeal prayed that the appeal be made returnable according to law. The return day was not suggested by appellants.

The law directs the judge to fix it at not less than 15 days and not

more than 60 days from the date of the order of appeal. Act 92 of 1900.

Owing to the heavy work in the clerk's office the judge, in this instance, intended to allow the clerk the maximum limit for making out the transcript, but, in doing so, failed to take into consideration that the months of January and December have each 31 days and not 30 days.

In this way the time fixed for the return of the appeal actually includes 62 days. But since the error is not imputable to appellants, it does not suffice to dismiss their appeal.

Elder vs. New Orleans, 31 La. Ann. 501; State vs. Delwood, 33 La. Ann. 1229.

The second ground urged for dismissal is that the appellant, at one and the same time, in the same motion for, and order of, appeal, took appeals, respectively, to this court and to the Court of Appeals, of the Third Circuit, from the judgment rendered in this cause. In other words, that he is seeking to prosecute at the same time two appeals from the same judgment—one to this court, the other to the Court of Appeals.

The appeals were lodged in the respective courts to which taken.

It appears that the Court of Appeals has continued the case on its docket, awaiting, doubtless, the issue of the appeal here.

If this court has jurisdiction of the case its jurisdiction covers the whole of it, and if it has jurisdiction, then that jurisdiction is exclusive and the appeal to the Court of Appeals was erroneous.

It is clear that this court has jurisdiction.

It is a suit for damages growing out of injury alleged to have been inflicted by judicial process. In execution of a judgment recovered against J. Ford Hodge, father of the plaintiff herein, the sheriff seized a lot of liquors and groceries of the value of (say) $500 which Duke Hodge, the plaintiff, asserts the ownership of. Duke Hodge enjoined the sale and coupled with his injunction suit a demand for $17,700 damages.

What is at issue, then, is the ownership of goods valued at $500, plus the damages claimed.

While the value of the  goods represents an amount below the minimum jurisdictional limit of this court, that value, added to what is claimed as damages, far exceeds the minimum jurisdictional limit.

Whether plaintiff is entitled to damages depends on two things (1)

his ownership of the goods seized for the debt of another; (2) proof that he has suffered damages.

If the goods are not his property, his demand for damages falls. Therefore, to the court having jurisdiction of the demand for damages must necessarily be committed the power to determine the question of ownership *vel non* of the goods.

In this sense, the two elements of the case—the goods, the damages claimed—unite to form one cause of action.

The first, alone, presents no case for this court to consider, but united with the demand for damages, a case is made up which can be entertained on appeal by no other court than this.

This is not a case where an appeal was first lodged in the Court of Appeals and after being lodged there, another appeal concurrently taken from the same judgment to this court was lodged here—as was the case in Freiberg vs. Langfelder, 45 La. Ann. 983, relied on by appellees in their motion to dismiss.

No court had been seized of jurisdiction of this appeal, by the filing of the record of the case there, prior to the investiture of this court with jurisdiction resulting from the filing of the transcript here.

This being so, and it clearly appearing that jurisdiction *ratione materiae* is in this court, the appeal can not be dismissed because of the fact that, concurrently, an appeal in the cause was taken also to another court.

Since this court assumes jurisdiction it follows that the inferior appellate court (which has not yet acted on the appeal there pending) has not jurisdiction and will so hold.

## On the Merits.

Defendant's exception that "the demand for damages is premature, being in advance of the recognition of plaintiff's ownership of the property seized," and that it can not properly be joined with the demand for recognition of title to personal property, is without force.

There is no provision of statutory law and no decision of this court which forbid the cumulation of such causes of action.

The cases cited by defendant in support of his contention (47 La. Ann. 691; 30 La. Ann. 1294) are not in point.

The same is true of the exception that plaintiff's right to demand damages *of defendant* is limited to an action on the indemnity bond which the sheriff executed at the time of the seizure.

Section 3579 of R. S. as amended by Act 37 of 1882, and 41 La. Ann. 300, cited as supporting this view, do not do so.

With regard to the case itself, only questions of fact arise. Were the goods seized in execution of the judgment which defendant company had recovered against J. Ford Hodge the property of the judgment debtor? If not, did they belong to the plaintiff herein? If yea, has he been damaged by their seizure, and if so to what extent?

The case was tried below by jury. A verdict in favor of plaintiff was returned sustaining the injunction and awarding plaintiff damages, all told, in the sum of $225.00.

From the judgment based on this verdict defendant appeals, and plaintiff joins in the appeal by praying for an increase in the award for damages.

This verdict and judgment maintains plaintiff's contention of ownership in himself, but assesses the damages suffered by the seizure at an inconsequential sum compared with that claimed.

A careful consideration of the evidence has not led to the conclusion that the verdict of the jury is erroneous, either on the question of plaintiff's ownership of the goods seized, nor in respect to the *quantum* of damages suffered. It is not deemed necessary to give a *resume* of the testimony.

Judgment affirmed.

Rehearing refused.