· (43 South. 61.)

No. 16,172.

STARK v. HOWCOTT (GLOBE REALTY
CO. et al., Interveners).

(Feb. 4, 1907.)

1. PARTNERSHIP—ACTION FOR SETTLEMENT—
DECREE.

Where an action is plainly for the settle-
ment of a partnership, and for a division of
profits, a prayer for general relief will author-
ize a decree for any balance that may be found
due the plaintiff on a settlement of accounts.

[Ed. Note.—For cases in point, see Cent. Dig.
vol. 38, Partnership, § 816.]

2. SAME—LIABILITY FOR LOSSES.

In the absence of express agreement, each
partner is bound for his full share of the losses
as shown by a general settlement of accounts,
and the number of transactions involved or the
assignment of one partner's right to profits in
particular transactions cannot change the rule.

[Ed. Note.—For cases in point, see Cent. Dig.
vol. 38, Partnership, § 135.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish
of Orleans; John St. Paul, Judge.

Action by Osborn H. Stark against Wil-
liam H. Howcott (The Globe Realty Company
and others, interveners). Judgment for plain-
tiff, and defendants appeal. Reversed in
part, and remanded.

James Zachary Spearing, for appellants.
W. F. Brewer, for intervener C. W. Talen.
Stafford, Lambert & Robinson, for intervener
L. E. Konrad. Francis Rivers Richardson,
for intervener Globe Realty Co., Limited.
William Winans Wall, for intervener Aztec
Land Co. Rufus Edward Foster, for ap-
pellee.

LAND, J. Plaintiff represents that his
intestate, Theodore O. Stark, was equally
interested with William H. Howcott and the
Howcott Land Company, Limited, in the
proceeds of certain real estate described in
the petition and in a document thereto an-
nexed; that the transactions in regard to
said real estate have been concluded, but

that the defendants decline to render an ac-
count; and that said profits amount to more
than $2,000.

The prayer is for citation, and for judg-
ment against defendants, "ordering them to
make a full disclosure regarding all and sin-
gular the real estate above described, and to
account to petitioner for such amount as
may be due said T. O. Stark, or to his es-
tate" and for all costs and general relief.

The exhibit annexed to the petition is in
the form of a letter of date September 1,
1893, signed by the defendants, and address-
ed to T. O. Stark, and duly recorded on
January 10, 1896. As far as need be now
quoted, the letter reads as follows:

"You are equally interested with me in the
profits that may result from the sale of any
part of the following described property, the
owners of which have contracted to allow 50
per cent. of the proceeds for the trouble of
ridding the properties from the clouds on the
respective titles, out of which 50 per cent. is
to be deducted the fees of attorneys in sustain-
ing their titles and costs and advances for
taxes, if any, viz. [Here follows description of
eight different parcels of real estate with names
of owners.] You are also equally interested in
the profits that may result from the sale of
the following property bought by Howcott Land
Company Limited, deduction being made for
cost of purchase and other outlays, if any, viz.
[Here follows description of eight different par-
cels of real estate, with names of former own-
ers.]"

The Globe Realty Company intervened,
claiming ownership of Stark's alleged un-
divided fourth interest in and to the second
described property on the list, formerly own-
ed by F. C. Remick.

The Aztec Land Company also intervened,
claiming ownership absolutely of the prop-
erty No. 12 by conveyances from the Howcott
Land Company and T. O. Stark, and claim-
ing title to properties Nos. 2, 9, and 10 from
Howcott and the Howcott Land Company
subject to the general contract declared on
in the plaintiff's petition. This intervener
contests the title of the Globe Realty Com-
pany to property No. 2, but admits the right
of F. Rivers Richardson to recover 10 per

cent. of the profits to be realized on said property to be taken out of Stark's interest in the profits.

The intervener prays that the three last-described properties be sold at public auction in order that the rights of all parties under said contract may be liquidated. The Globe Company and Richardson filed answers, consenting to the sale of property No. 2 subject to their alleged rights over the proceeds.

Lorenz E. Konrad also intervened, claiming an undivided half interest in property No. 10 and proceeds of its sale, by mesne conveyances from Stark. Charles G. W. Talen also intervened, claiming a like interest in property No. 9 and proceeds of its sale by title from the same source.

Defendants excepted to plaintiff's petition on the grounds (1) that the same discloses no cause or right of action; (2) that the same is too vague and indefinite to require or enable them to answer thereto; and (3) that plaintiff has mistaken his remedy. These exceptions were overruled, and defendants thereupon answered, pleading the general issue, but admitting the execution of the document annexed to the petition. For further answer defendants specially denied that the plaintiff had any right, title, or interest in any of the properties referred to in said document, or any right to call for or require an account of them. The defendants answered the interventions of Talen, Globe Realty Company, and the Aztec Company, by general denials. The other intervention does not seem to have been put at issue.

There was judgment in favor of the plaintiff and interveners, ordering the defendants to render a full and true accounting of four certain parcels of real estate, and that they charge against each specific piece of property, the expenditures made in connection with that particular property (and) any general advances made by them to T. O. Stark as on open account. The judgment further orders the four properties to be sold at public auction; that the proceeds of property No. 2, of property No. 9, and property No. 10, be distributed among the interveners in certain proportions; the Aztec Land Company to receive the interest of the defendants therein; and that the proceeds of property No. 15 be subject to all the rights of all the parties in interest. The judgment further condemned the defendants to pay costs up to the time of its rendition. The defendants alone have appealed; all parties agreeing that the appeal should not affect the execution of the judgment ordering the sale of the property; the proceeds thereof to be paid into the registry of the court.

In this court the defendants contend (1) that the petition discloses no cause or right of action against them; and (2) that the judgment is erroneous in restricting the accounting to the expenditures on four particular properties.

While plaintiff may not be entitled to the specific relief prayed for, his prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify. The action is clearly one for the settlement of the partnership, which necessarily involves an accounting between the parties, and it is alleged that the profits of the venture amount to more than $2,000, and the prayer is that the defendants be ordered to account to petitioner for such amount as may be due the estate of T. O. Stark. The subsequent prayer for general relief is broad enough to authorize a judgment in favor of the plaintiff for any balance that may be found due on a settlement of the partnership accounts.

The second complaint is well founded. The plaintiff sued for a general settlement and accounting. Such a settlement necessarily includes all the profits and all the losses accruing from the venture. The partnership agreement included all the property that might be recovered as the result of liti-

gation to be instituted and prosecuted at the expense of the partnership. All property so recovered was to be sold, and the proceeds, less expenses, divided. The words "any part of the following described property," refer to such parts of all the properties described as might be recovered. The venture was a speculative one and the compensation of the partnership was contingent on success. All the expenses were to be deducted from all the profits, and the balance equally divided. We can discover no warrant in the agreement sued on for the proposition that the parties contemplated a separate and distinct settlement of accounts for each property recovered. It is to be noted that the second paragraph of the agreement refers to property bought by the Howcott Land Company, and it is stipulated that from the profits that may result from the sale of this property, deductions shall be made for "cost of purchase and other outlays." In other words Stark is entitled to one-half of the net profits on the transaction as a whole. To hold otherwise would exempt him from liability for losses. This the law forbids. Civ. Code, art. 2814.

The interveners can have no greater rights in the premises than their author, T. O. Stark. The judgment exempts them from sharing the losses except on particular pieces of property, while it reserves the defendant's rights against the estate of Stark for any balance found due on a general settlement of accounts. Under the contract, the expenses and outlays incurred are to be deducted from the gross proceeds of sale of all the property in each class. No judgment should have been rendered prior to the settlement of accounts. As it is, the judgment disposes finally of the proceeds of three of the properties.

The evidence shows that other properties were recovered, sold, and the proceeds divided, in the lifetime of Stark. It is further shown that some suits were lost, and that one is still pending in the courts. The accounting should cover all the transactions of the partnership. Counsel for defendants has signified their willingness to render such an account. In fact, the plaintiff so prays in his petition.

It is therefore ordered that the judgment below be set aside, except in so far as it decrees a sale of the property described therein, and the deposit of the proceeds in the registry of the court, and it is now ordered that this cause be remanded, with instructions that the defendants be ordered to render a full, fair, and complete account of all the partnership transactions relative to the real estate described in plaintiff's petition, showing in detail the profits and loss on each particular property, and the state of the accounts between the partners, and for further proceedings according to law, reserving the right of plaintiff and interveners to oppose said account when rendered. It is further ordered that the appellees pay the costs of this appeal.