facts appear from the Auditor's deed and are utterly inconsistent with the theory of a tax sale to Folck in May, 1886.

[4] Mrs. Folck was in possession of the property as usufructuary and joint owner under the decree of the court and was bound in law for the taxes. Her purchase from the state was, as to the heirs at law, a mere payment of the taxes. Bossier v. Herwig, 112 La. 539, 36 South. 557.

Judgment affirmed.

---

(59 South. 994.)

No. 19,114.

COURTNEY v. LOUISIANA RY. & NAVIGATION CO. et al.

(Nov. 18, 1912.)

*(Syllabus by the Court.)*

PARTIES (§ 27*)—MISJOINDER.

There is a misjoinder of defendants where there is no joint liability for loss, or privity of contract, between them or some of them.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 35; Dec. Dig. § 27.*]

Monroe, J., dissents.

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Pearl Courtney, individually and as tutrix, against the Louisiana Railway & Navigation Company and others. From a judgment sustaining an exception of the Louisiana Railway & Navigation Company, plaintiff appeals. Affirmed.

T. Jones Cross, of Baton Rouge, and Henry Mounger, of Columbia, Miss., for appellant. Laycock & Beale, of Baton Rouge, and Wise, Randolph & Rendall, of Shreveport, for appellees.

LAND, J. This is a suit for damages for the death of N. T. Courtney, alleged to have been killed on the tracks of the Louisiana Railway & Navigation Company (hereinafter called the "L. R. & N. Co.") by a switch engine belonging to the Yazoo & Mississippi Valley Railroad Company (hereinafter called the "Y. M. V. Co."), while hauling a number of cars belonging to the New Orleans, Texas & Mexico Railroad Company (hereinafter called the "N. O. T. & M. Co.").

Defendants filed separate exceptions of misjoinder of parties defendant. The lower court sustained the exception filed by the L. R. & N. Co. and the N. O. T. & M. Co., and overruled the exception filed by the Y. M. V. Co.

Plaintiff has appealed from the judgment sustaining the exception of the L. R. & N. Co.

It appears from the allegations of the petition that on the evening of August 5, 1910, Courtney boarded the north-bound passenger train of the L. R. & N. Co. at its station in the city of Baton Rouge for the purpose of proceeding to his home in North Baton Rouge, a few miles distant; that at the time Courtney entered the train he was visibly under the influence of liquor, and was intoxicated to the knowledge of defendant's agents and employés; that Courtney failed to leave the train at his destination, and was put off 400 or 500 yards further up the road in a drunken and helpless condition on the ground beside the track; that a few minutes later Courtney while lying on the track of the branch road of the L. R. & N. Co., which was parallel with its main track, was run over and killed by an incline engine belonging to the Y. & M. V. Co., which at the time was attached to and hauling a cut of cars belonging to and operated by the N. O. T. & M. Co.

The petition charged the L. R. & N Co. with negligence in leaving Courtney to shift for himself in an inebriated condition at a late hour of the night in a locality made dangerous by two parallel lines of railroad over which trains were being operated, and from

which no pathway led to the station, except such as was afforded by the track of the L. R. & N. Co.

The petition charged the Y. M. V. Co. with negligence, in that the said Courtney was seen, or should have been seen, by the engineer of the incline engine in time to avert the tragedy, in that no bell was rung, no whistle blown, no brakes applied, or other effort made to prevent the engine from running over Courtney's body, in that the said train was carelessly and recklessly handled, and was improperly and insufficiently manned and equipped, and that the headlight in particular was defective, and failed to afford sufficient light for the safe handling of the train.

The connection between the three different companies is set forth in the petition substantially as follows: The branch road of the L. R. & N. Co. extends from a switch at North Baton Rouge to a point on the Y. & M. V. Co. in such a way that cars may be hauled back and forth between the main line of the L. R. & N. Co. at North Baton Rouge and the transfer boats of the N. O. T. & M. Co. on the Mississippi river by running over the tracks of said branch road and those of the Y. & M. V. Co. down to the inclines of the latter on said river; that the N. O. T. & M. Co. has some sort of an arrangement under a contract or otherwise whereby its trains between the city of New Orleans and its transfer boat on the Mississippi river are run and operated over the tracks of the L. R. & N. Co., and those two roads have some sort of an agreement, under a contract or otherwise, whereby the cars of the N. O. T. & M. Co. are hauled to and fro between the main line of the L. R. & N. Co. at North Baton Rouge and the transfer boat on the river, over said branch road and the inclines of the Y. & M. V. Co., by the incline engine of the latter.

Our learned Brother below, after citing

and commenting on the cases of Gill v. Lake Charles, 119 La. 19, 43 South. 897, Muntz v. Algiers & Gretna Railway Company, 111 La. 423, 35 South. 624, 64 L. R. A. 222, 100 Am. St. Rep. 495, Hamilton v. Railroad Co., 117 La. 243, 41 South. 560, 6 L. R. A. (N. S.) 787, and Hollins v. N. O. N. W. R. Co., 119 La. 422, 44 South. 159, said:

"Under this rule, although the lessor is not chargeable with an omission of duty, if the lease is not authorized by statute, the owner of the franchise and the operating company can be joined as defendants. The · rule has no broader application, and is therefore not decisive of the question under consideration in this case. This question is: Can the owner of a railroad, the operating company of the road, and the owner of cars which are being hauled over that railroad by the operating company be all joined as codefendants in an action such as is presented here. * * *

"If there is any privity of interest between the New Orleans, Texas & Mexico Railroad Company and the other defendants in this case growing out of the cause of action alleged in the petition, it has not been made to appear therein."

The question is not whether the petition discloses one or more causes of action against the L. R. & N. Co., but whether under the allegations there has been a proper joinder of parties defendant. It goes without saying that the first cause of action set up against the L. R. & N. Co., based on the duty of the railroad to Courtney, as a drunken passenger, does not concern the other defendants. The second cause of action against the L. R. & N. Co., is based on its duty to the public as owner of the branch railroad operated by the Y. & M. V. Co. The cause of action against the Y. & M. V. Co. is based on its own negligence in the operation of the train. The cause of action against the N. O. T. & M. Co. is based on the transportation of its cars, pursuant to some agreement, over the tracks of the other two railroads. It is not alleged that the N. O. T. & M. Co. is bound by stipulation to the plaintiff, and therefore its liability, if any, in this case must rest on its own negligence in the matter of the equipment of its cars,

or on the negligence of its agents and servants.

We therefore conclude that there was a misjoinder of defendants in this suit.

Judgment affirmed.

MONROE, J., dissents.