No. 2224

Second Circuit Appeal

W. L. MORRIS, ET AL., v. S. T. HANKINS, ET AL.

(May 9, 1925, Opinion and Decree.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Parties—Par. 26.**

Where the object of a suit is different as to the defendants, it naturally follows that the different defendants will be called on to make each his individual defense; and to allow a single suit to be brought against such defendants would lead to delays, confusion and complications, and therefore should not receive judicial sanction.

2. **Louisiana Digest—Parties—Par. 11, 12.**

The law does not permit a party to be joined in a demand in which he has no interest.

Appeal from the Sixth Judicial District Court of Louisiana, Parish of Ouachita. Hon. F. M. Odom, Judge.

This is a suit asking for recovery of three separate tracts of land in the separate possession of three defendants and for timber cut from the land by two defendants.

S. T. Hankins filed an exception of misjoinder, and later an exception of no cause of action. D. F. Dennis filed an exception of no cause of action. W. F. Wall, insofar as the record shows up to this time, has made no appearance.

The exceptions of no cause of action were overruled. The exceptions of misjoinder were sustained.

Plaintiffs appealed.

The judgment of the lower court, insofar as it sustains the exception of misjoinder and dismisses the suit as to S. T. Hankins, is affirmed and insofar as it sustains the exception of misjoinder and dismisses the suit as to W. F. Wall and D. F. Dennis is reversed.

Stubbs, Theus, Grisham & Thompson and R. L. Davis, of Monroe, attorneys for plaintiffs, appellants.

A. L. Davenport, of Monroe, attorney for defendant, appellee.

REYNOLDS, J. This is a suit by W. L. Morris, and others against S. T. Hankins, W. F. Wall and D. F. Dennis, asking recovery of three separate tracts of land in the separate possession of the three defendants holding title from a common author; and also seeking to recover, from D. F. Dennis, $277.00, for the value of timber cut by him from the land he claims, and to recover from W. F. Wall, $48.00, for the value of timber cut by him from the land he claims.

S. T. Hankins filed an exception of misjoinder, and later an exception of no cause of action.

D. F. Dennis filed an exception of no cause of action.

W. F. Wall, insofar as the record shows up to this time has made no appearance.

The exceptions of no cause of action were tried and overruled. This ruling, in our opinion, was correct; for if all the allegations of plaintiff's petition are true, they are entitled to recover judgment.

The exception of misjoinder was tried and sustained.

Plaintiffs have appealed.

The petition does not ask for a judgment in solido against the defendants and under its allegations plaintiffs are clearly not entitled to a judgment in solido against each of the defendants.

Plaintiffs ask for a different judgment against each of the defendants.

Where the object of a suit is different as to the different defendants, it naturally follows that the different defendants will be called on to make each his individual defense and to allow a single suit to be brought against such defendants would lead to delays, confusion and complications, and therefore should not receive judicial sanction.

S. M. Jones Co. vs. Hoffman, 114 La. 1004, 38 South. 763.

The law does not permit a party to be joined in a demand in which he has no interest.

It is perfectly apparent in this suit that S. T. Hankins has no interest in the issue as to the quantity of timber D. F. Dennis cut from the land claimed by him or in the quantity of timber W. F. Wall cut from the land claimed by him.

Our Supreme Court held in S. Blum & Co. vs. Wyly, 111 La. 1092, 36 South. 202:

"The law does not permit separate creditors to join in an action against the debtor unless there be a joint interest in the thing demanded or a privity of contract. Where plaintiffs have no interest in each other's claims against the defendant but have a common interest in annulling a sale, as a fraudulent simulation, the proper practice is for the creditors to sue separately on their claims and then join in the suit to annul."

For a like reason it is not permissible pleading to join three defendants between whom there is no joint or solidary obligation in one suit. The right of each defendant, as to good or bad faith, would depend on each defendant's respective acts and knowledge, and each defendant's liability for fruits and revenues and his claim for improvements would have to be determined separately as to each defendant.

For these reasons, it is ordered, adjudged and decreed that the judgment of the lower court, sustaining the exception of misjoinder as to S. T. Hankins, be affirmed. The exception of misjoinder was only filed by S. T. Hankins and the court was without authority to give effect to that exception insofar as it affected the suit against D. F. Dennis and W. F. Wall it must be reversed.

It is therefore ordered, adjudged and decreed that the judgment of the lower court, insofar as it sustains the exception of misjoinder and dismisses the suit as to S. T. Hankins is hereby affirmed, and insofar as it sustains the exception of misjoinder and dismisses the suit as to W. F. Wall and D. F. Dennis is reversed.

The costs in this case to await the final decision in the case.

Odom, Judge, being recused, took no part in the decision.