(106 So. 329)

No. 27049.

## LE GOASTER et al. v. LAFON ASYLUM et al.

(Oct. 6, 1925. Rehearing Denied Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⬟49—**Purpose of suit to be ascertained from averments of petition in conjunction with prayer.**

The purpose of a suit and the matters in dispute are to be ascertained from the averments of the petition in conjunction with the prayer, and, where there is a prayer for general relief, the court may act on the averments.

2. **Estoppel** ⬟92(1)—**Annuitants, accepting benefits of judgment, fixing their rights as mortgagees, cannot assert ownership of property.**

Plaintiffs, accepting benefits of judgment of Supreme Court, fixing their rights to property, of which they were annuitants, as mortgagees,

cannot, so long as such status exists, assert a claim of ownership of the property as against residuary legatees.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Suit by Miss Clemence Elizabeth Le Goaster and another against Lafon Asylum and others. From the judgment, plaintiffs appeal. Amended and affirmed.

Edgar M. Cahn, of New Orleans, for appellants.

Delvaille H. Theard, of New Orleans, for appellees.

BRUNOT, J. Aimee Le Goaster, a femme sole, died testate. In her will she bequeathed the usufruct of her property to a brother, certain annuities to the plaintiffs in this suit, and the naked ownership of the property to the Lafon Asylum. After the death of the usufructuary, plaintiffs filed this suit, in which they allege that, as sole heirs of the usufructuary, they are entitled to possession of the estate until certain claims growing out of the usufruct have been satisfied. They also allege that they are granted by law a special mortgage upon the property bequeathed to the residuary legatee for the protection of their annuities; that the residuary legatee contemplates disposing of the property; and they pray for an injunction restraining such sales, as being in derogation of their rights. Plaintiffs also reserve in their petition the right to bring a petitory action for the revendication of the property. It is the reservation of this right, the cancellation of a recorded lis pendens, and the item of court costs which are now contested.

This case was before us in Le Goaster et al. v. Lafon Asylum et al. (In re Le Goaster et al.) 155 La. 158, 99 So. 22, on application for writs of certiorari and mandamus. Therein this court held that plaintiffs' demand for restitution of funds expended upon the property during the usufruct did not dis-

close a cause of action; that, as annuitants, plaintiffs had a mortgage on the property to the extent of their annuities, but, as the mortgage securing their annuities would not be affected thereby, they cannot enjoin the sale of the property. Plaintiffs had this judgment placed of record, and thereafter, the defendants having previously filed answers to the suit in the court below, in which they reconvened, and also asked for a rule upon plaintiffs to show cause why the lis pendens should not be canceled, they filed an exception of no cause of action and a plea of estoppel. The case was then put on the trial docket, and later came up for trial. Thereupon plaintiffs pleaded to the jurisdiction of the court. The substance of this plea is that the judgment of this court decided all issues of the case and nothing remained but moot questions. The learned district judge entertained a different view, overruled the plea, and rendered judgment as follows:

"It is ordered, adjudged, and decreed that the exception of no cause of action be maintained in so far as to declare that that portion of the petition asking the right to bring a petitory action is concerned and the relief prayed for, if it be prayed for, for said reasons is denied.

"It is further ordered, adjudged and decreed that the demands of the plaintiffs of every nature and kind whatever be denied and rejected, and the plaintiffs' petition be dismissed at their cost.

"It is further ordered, adjudged, and decreed that the reconventional demand be dismissed as in the case of nonsuit; the plaintiffs to pay the costs of this proceeding."

From this judgment plaintiffs appealed; defendants have answered the appeal, and urge their plea of estoppel.

[1] Appellants contend that the judgment denying the injunction and recognizing the existence of a mortgage upon the property securing their annuities leaves nothing for decision in the case. The judgment may be regarded as the law of the case to the extent that the court in its opinion passed upon the issues raised by the pleadings, but this court did not have the case on the merits; it did not render judgment thereon; it did not pass upon defendants' reconventional demand; and it did not fix the liability for the cost of the litigation. As a matter of fact, the decree of this court was that plaintiffs were not entitled to a writ of mandamus on the face of their petition in the lower court.

Appellants contend that they prayed for an injunction only, and therefore no other issue was before the court. The prayer of their petition concludes with the words "and for general and equitable relief." The purpose of a suit and the matters in dispute are to be ascertained from the averments of the petition in conjunction with the prayer, and, where there is a prayer for general relief, the court may act on the averments.

"The object or purpose of a suit or the matter in dispute should be determined not by the prayer of the petition alone, but from the body of the petition in conjunction with the prayer.

"Even if the prayer does not ask in plain terms the decree that the allegations of the petition would clearly warrant, such omission will not prejudice the petitioner's right to recover on the averments of his petition, where they are sufficient to sustain the proper action and decree, and there is a prayer for general relief." State ex rel. J. M. Levet v. Lapeyrollerie, 38 La. Ann. 913.

This has been the rule in Louisiana. As far back as 1834 this court held that—

"The prayer for general relief will enable the Supreme Court to examine the case on its merits." Gottschalk v. De la Rosa, 6 La. 219.

In later cases the court said:

"While plaintiff may not be entitled to the specific relief prayed for, his prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify." Stark v. Howcott, 118 La. 489, 43 So. 61.

"A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify." Legier v. Braughn, 123

La. 463, 49 So. 22; Kinder v. Scharff et al., 125 La. 594, 51 So. 654.

[2] We think the plea to the jurisdiction of the court was properly overruled. We are also of the opinion that defendants' exception of no cause of action was properly sustained. Plaintiffs' judicial admissions and acceptance of the benefits of the judgment of this court which fixed their rights as mortgagees certainly cannot, so long as this status exists, be heard to assert a claim of ownership of the property. We think all of the decisions of this court, on the point, sustain this proposition, and they are so nearly in accord that it is unnecessary to cite them. When the judgment herein becomes final, a rule on plaintiffs to show cause why the lis pendens should not be canceled will be timely.

The exception of no cause of action is leveled at the same averments in the petition which prompted defendants' plea of estoppel. Therefore the maintenance of the exception disposes of that plea.

We think the second paragraph of the judgment appealed from is too broad. It rejects all of "the demands of plaintiff * * * of every nature and kind whatsoever."

Certain demands of plaintiffs have been recognized by this court, and their rights as mortgagees are finally fixed in its judgment. We assume that the judgment of the lower court has reference to all demands of plaintiffs not so determined, but to make the matter certain we shall amend and rewrite the second paragraph of the judgment so as to read as follows:

"It is further ordered, adjudged, and decreed that all rights of the plaintiffs as mortgagees, to the extent of their annuities, be reserved to them, and that all other demands of plaintiffs be denied and rejected at their cost."

As thus amended, the judgment is affirmed, at appellants' cost.