### COPELLAR v. BRITT et al.
#### No. 5868.

Court of Appeal of Louisiana. Second Circuit.

March 8, 1939.

Rehearing Denied March 31, 1939.

J. D. Rusca, of Natchitoches, for appellant.

E. S. Prudhomme, of Natchitoches, for appellee.

HAMITER, Judge.

The allegations of plaintiff's petition are substantially as hereinafter paraphrased. They are inconsistent with one another in several particulars, as will be noticed, and as a whole are somewhat vague and indefinite. This condition has caused us considerable trouble in our study of the case.

Plaintiff is the owner of a tract of land in Natchitoches Parish, Louisiana, with certain buildings and improvements thereon, which contains approximately 600 acres and is used as a game preserve and pleasure resort. The entire property was rented by her on June 15, 1937, to one C. E. Britt, a defendant herein, for a consideration of $100 per month, and the latter operated it for a period of three months without paying any part of the agreed rent.

The repairing of existing buildings and the construction of three additional houses or cabins on the tract were necessary, and Britt purchased materials therefor from W. A. Leiendecker, another defendant. This material account was not paid, and Leiendecker secured a judgment against Britt for $90.02, on which $10 was later paid; caused the issuance of a writ of fieri facias thereunder; and effected a seizure of the mentioned three cabins. The seized property belongs to plaintiff, and she has been damaged by the illegal and unlawful seizure and attempted sale thereof.

Plaintiff likewise furnished materials and labor for the construction of said cabins and for the making of repairs to the existing buildings, of the value of $100.

The prayer of the petition is that plaintiff have judgment against defendant Britt in the sum of $300 for rent due on the property for three months, and in the additional sum of $100, for the labor and materials which she furnished as above described. She further asks that her ownership of said property, together with her material, labor and lessor's privileges affecting it, be recognized. As against the defendant Leiendecker she prays that the sale of the property be restrained and enjoined, and for judgment in the sum of $150 as damages for the illegal seizure of her property.

The Sheriff of Natchitoches Parish, Louisiana, was also made a party defendant.

Defendant Leiendecker excepted to plaintiff's action on the alleged grounds that, (1) there is a misjoinder of parties defendant, (2) an action for debt and for nullity cannot be cumulated in an action against the exceptor in a summary proceeding, and (3) the petition discloses no right or cause of action against the exceptor.

The exception of misjoinder was overruled, and thereafter a preliminary writ of injunction issued. The court minutes do not disclose the disposition made of the other exceptions.

Answer was filed by defendant Leiendecker in which he first reserves all rights under the exceptions and then admits plaintiff's ownership of the property. He further admits "having sold and delivered the material which was used in erecting the cabins but avers he sold said materials to Copellar and Britt who held themselves out

to defendant and the public as a partnership engaged in operating said place," and that he obtained judgment "against J. J. Copellar and C. E. Britt, composing the partnership of Copellar & Britt, recognizing his material lien against the three cabins, and that execution issued and thereunder the said cabins were seized." The answer further recites: "Admits having caused the cabins to be seized under his judgment recognizing the lien of the furnisher of materials. Denies plaintiff has been, or could be, damaged in the seizure and sale of the buildings erected with materials sold by defendant and not paid for. Avers he knows of no law by which a plaintiff can claim a lien and privilege against her own property, therefore denies she has a lien or privilege against said cabins."

No appearance was made by the defendant Britt.

According to the minutes of the district court, the case was called and submitted on briefs to be filed in five days. It does not appear that any evidence was adduced.

There was judgment decreeing that "the preliminary injunction heretofore issued be now made permanent and accordingly the defendants W. A. Leiendecker and W. M. Payne, Sheriff, be and they are hereby forever enjoined and prohibited from seizing and advertising for sale and selling cabins number 1, 2 and 3, the property of plaintiff." The court further decreed that "the plaintiff have and recover in her favor and against the defendant, C. E. Britt, judgment in the sum of $300.00 with legal interest thereon from judicial demand until paid."

Defendant Leiendecker appealed. No appeal was prosecuted by defendant Britt, and the judgment as against him is not before us for review.

In the brief of plaintiff's counsel it is said: "We have filed a motion to dismiss on the grounds that the judgment under which the execution issued is below the appellate jurisdiction of this court, $80.02 * * *." The record before us contains no such written motion. However, we have given consideration to counsel's suggestion and are of the opinion that jurisdiction of the cause is ours.

■ The jurisprudence of this state appears to be that "where the judgment debtor enjoins an execution, the issue is as to the validity of the judgment, and the test of the jurisdiction ratione materiae is

the amount of the judgment, because that is the amount involved." Lhote & Co. v. Church Extension Society, 115 La. 487, 39 So. 502, 503; Bacher v. Krauss et al., 179 La. 675, 154 So. 733. But where a third person seeks the injunction, and asserts ownership of the seized property or rights therein superior to those claimed by the judgment creditor, the test of jurisdiction is the value of the property seized (Lhote & Co. v. Church Extension Society and Bacher v. Krauss et al., both supra) plus the amount of damages claimed for the illegal seizure. Hodge v. Monroe Mercantile Co., 105 La. 668, 30 So. 142; Perritt & Lawhon v. Butler, 19 La.App. 570, 141 So. 433.

■ The instant case furnishes a contest between a judgment creditor and a third person claiming ownership, and not one between a debtor and his judgment creditor; consequently, the last above stated principle of law is applicable. However, there is no dispute regarding plaintiff's ownership of the property, for defendant concedes it; therefore, the value of her property is not to be considered herein. But there remains her damage claim of $150 for the alleged illegal seizure of it, and such amount must be given consideration and is within the jurisdictional limits of this court.

■ Defendant Leiendecker strongly urges in this court his aforementioned exception of misjoinder of parties defendant. We think that the exception is good, and that it should have been sustained by the trial court.

In the early case of Mavor v. Armant, 14 La.Ann. 181, the Supreme Court said:

"The cumulation of a demand for the partition of succession property, with a demand for the partition of property held in common where there is no privity of estate between all the parties, plaintiffs and defendants, is no where authorized in the law, but is at variance with the well settled rules of pleading.

"The law does not permit a creditor to sue all of his debtors in the same action, unless there is a joint liability or privity of contract which authorizes the joinder, nor will it permit a party to be joined in a demand in which he has no interest."

The same court held in Courtney v. Louisiana Ry. & Nav. Co., 131 La. 575, 59 So. 994, that: "There is a misjoinder of defendants where there is no joint liability

for loss, or privity of contract, between them or some of them."

The following is found in McGee v. Collins, 156 La. 291, 100 So. 430, 432:

"In this connection it may be stated as an accepted rule of law and jurisprudence that two or more persons cannot be grouped together and joined in one suit either as plaintiffs or defendants, where there is no privity of contract or mutuality of interest."

This court held in Morris et al. v. Hankins et al., 2 La.App. 199, that:

"Where the object of a suit is different as to the different defendants, it naturally follows that the different defendants will be called on to make each his individual defense and to allow a single suit to be brought against such defendants would lead to delays, confusion and complications, and therefore should not receive judicial sanction.

\*    \*    \*    \*    \*    \*    \*

"The law does not permit a party to be joined in a demand in which he has no interest.

"It is perfectly apparent in this suit that S. T. Hankins has no interest in the issue as to the quantity of timber D. F. Dennis cut from the land claimed by him or in the quantity of timber W. F. Wall cut from the land claimed by him."

It is stated in Dubuisson v. Long et al., 175 La. 564, 143 So. 494, 496, that: "The rule in Louisiana and elsewhere is that a plaintiff cannot in the same suit join different defendants 'in separate causes of action.'"

The procedure resorted to by plaintiff in the case at bar is clearly at variance with and violative of the above announced principles. The cause of action against Britt is entirely different and distinct from that asserted against Leiendecker. Defendant Britt was in no manner responsible for Leiendecker's seizing and attempted sale of the property, the enjoining of which plaintiff seeks; and defendant Leiendecker was not concerned with the debt allegedly due by Britt to plaintiff for the unpaid rent and for the materials and labor furnished by her. No privity of contract, joint liability for loss, or mutuality of interest existed between the two defendants, and they were improperly joined herein.

Although there may be merit to the claim which plaintiff urges, we cannot and do not pass on it because of the improper procedure employed in the institution of the

suit. However, she will be given the opportunity of proceeding in the proper manner.

Accordingly, the judgment of the trial court, insofar as defendant Leiendecker is concerned, is reversed and set aside, his exception of misjoinder of parties defendant is sustained, and plaintiff's suit as against him is dismissed. The right of plaintiff to proceed according to law for the assertion of her claims is hereby reserved to her. The costs of both courts shall be paid by plaintiff.