**WHATLEY v. MISSOURI PAC. R. CO. et al.**
**(TRAVELERS INS. CO., Intervenor).**
**No. 2976.**

District Court, W. D. Louisiana, Monroe Division.

April 11, 1939.

Ransdell & Norris and Henry G. Norris, all of Lake Providence, La., and E. K. Theus, of Monroe, La., for plaintiff.

Hudson, Potts, Bernstein & Snellings, of Monroe, La., for defendant.

DAWKINS, District Judge.

This is a suit for personal injuries which was filed originally in the State court against the Missouri Pacific Railroad Company, through its trustee in reorganization, Guy A. Thompson, against the Illinois Central Railroad Company and the Yazoo and Mississippi Valley Railroad Company.

It was removed to this court by the defendant, Missouri Pacific Railroad Company, on the theory that there was a separable controversy which could be wholly determined between it and the plaintiff without the presence of the other parties defendant. Plaintiff has moved to remand the cause to the State court disputing the separable character of the action.

The negligence charged is set forth in Articles 7, 8 and 9 of the petition as follows:

"That on or about June 16, 1937, your petitioner, in the regular course of his employment with the Louisiana Highway Commission, attempted to unload gravel from the above mentioned car No. IC-216986, which was spotted or located on the siding of the Missouri Pacific Railroad at Kilbourne, in West Carroll Parish, Louisiana. That the above mentioned car was equipped with a mechanical device used in unloading cars. That this device is on the nature of a jack which causes the doors on the bottom of the car to be opened and closed by means of inserting an iron rod in a slot and pumping the bar up and down. That at about nine o'clock A. M. June 16, 1937, your petitioner inserted an iron bar in the slot of the above mentioned car in order to open the doors of the car so that the gravel could be unloaded. That unknown to your petitioner at the time the shaft running from the door to the lock or jack was bent so that when your petitioner pressed down on the iron bar the bent shaft caused the lock or jack to slip, resulting in the iron bar being jerked upward with considerable force, which said iron bar struck your petitioner on and

under his chin with great force doing damage as hereinafter outlined.

"That if the mechanism of the lock or jack and the connecting rods had been in good mechanical condition, the car could have been unloaded without any injury being sustained by your petitioner, but because same was in a defective condition the jack or lock did not catch but slipped, resulting in your petitioner being struck underneath his chin by the iron bar.

"That the sole and only cause of your petitioner sustaining the above mentioned accident was due to the mechanical defect in the above mentioned car, which was owned by the Illinois Central Railroad and used in commerce by the Yazoo & Mississippi Valley Railroad. That Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company was the last carrier or the delivering carrier. That the Yazoo & Mississippi Valley Railroad was the initial carrier. That all of the parties knew, or should have known of the defective condition of the above mentioned car. That if they did not know of the defect in this car they were negligent in not ascertaining same because the defect could have been ascertained by inspection of the car. That it was negligence to deliver this car loaded with gravel to the Louisiana Highway Commission with the defect being present in the mechanism of the car. That all parties, namely, Guy A. Thompson, Trustee of the Missouri Pacific Railroad Company, Yazoo & Mississippi Valley Railroad Company and the Illinois Central Railroad Company, are legally liable to your petitioner for the damage he sustained in the above mentioned accident."

From this it will be seen that the defect, as alleged, was one which could and should have been discovered by the initial carrier, a citizen of Louisiana, as well as by the removing defendant who was the delivering carrier, and it is claimed that it was the duty of both to make such an inspection as would be required of a reasonably careful and prudent person under the circumstances. Of course, if the defect was a hidden or latent one which could not have been discovered by an ordinary inspection, then only the initial carrier would be responsible.

■ Under the allegations of the petition, if either the Yazoo & Mississippi Valley Railroad Company or the Missouri Pacific Railroad Company had inspected and repaired the defect, the accident would not have happened. Taking the allegations of the petition as true, which we have to do for the purposes of this motion, the negligence of each of said defendants contributed to the accident and the plaintiff had the right to sue each or both in solido therefor. It is not a separate set of circumstances or conduct which constitutes the negligence charged as to each, but the identical condition which plaintiff alleges existed and caused the accident when the cars were handled. In this respect, I think the case is different from either that of Courtney v. Louisiana Railway & Navigation Company et al., 131 La. 575, 59 So. 994, or Jacob v. Illinois Central Railroad Company et al., 133 La. 735, 63 So. 306; but is governed rather by the principals announced in Edmund's Federal Rules of Civil Procedure, Rule 20, Sub-section 76; Jenkins v. Southern Pacific Company, D.C., 17 F.Supp. 820; Johnson v. Jordan, D.C., 22 F.Supp. 286; Chicago, B. & Q. Railway Company v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521.

■ There being no diversity of citizenship between plaintiff, a resident of Louisiana, and the Yazoo and Mississippi Valley Railroad Company, likewise a Louisiana citizen, and the latter under the view I have taken, being properly joined and not subject to separation from the Missouri Pacific Railroad Company for the purposes of this motion, the cause should be remanded to the State court.

For the reasons assigned, there should be judgment for the plaintiff to sustain the motion to remand. Proper decree should be presented.

Thus done, read and signed in chambers of this 11th day of April, 1939.