LOTTINGER, Judge.
This is a tort action wherein the plaintiff, Allen D. Richard, seeks to recover from the defendants, Kansas City Southern Railway Company and The Louisiana and Arkansas Railway Company, damages in the sum of $850.00 for the death of certain cattle, alleged to have been run over and killed by trains owned and operated by the defendants. Exceptions of misjoinder and vagueness were filed by both defendants, and the matter is now before us on appeal by the plaintiff from a judgment of the lower court sustaining the exceptions of misjoinder.
The petition alleges, in Paragraph 1 thereof, that both defendants are indebted in solido unto petitioner in the sum of $850.00. It is further alleged that plaintiff is the lessee of certain real property which is traversed by a seventy-five foot right of way owned by one of the defendants, The Louisiana and Arkansas Railway Company, but used by both of the defendants. In Paragraph 4 the allegation is made that The Louisiana and Arkansas Railway Company had entered into a "Dirt Contract” with plaintiff’s lessor under the terms of which the former was obligated to maintain fences along the right of way, and further it is alleged that this defendant had allowed the fences to fall into a bad state of disrepair. The plaintiff alleges in addition that both defendants knew of the presence of cattle along the right of way, and that as a result of The Louisiana and Arkansas Railway Company’s failure to maintain the fences, his cattle strayed on the right of way and tracks and were run over and killed by trains owned and operated by both defendants. In conclusion the allegation is made that "the accident 'and resulting damage to plaintiff was the direct result of the neglect and failure of the defendant, the Louisiana and Arkansas Railway Company to maintain said fences, thus allowing the cattle owned by petitioner to get out of said pasture and stray upon said track and right of way.” The prayer does not ask for judgment against both defendants in solido, but seeks “judgment herein in favor of petitioner, Allen D. Richard, and against the defendants, Kansas City Southern Railway Company and The Louisiana and Arkansas Company * * *
The trial judge, in his written reasons for judgment, held as follows: “Inasmuch as the petitioner, in my opinion, fails to make allegations of joint negligence on the part of the defendants, as a result of which his cattle were killed, and does not pray for judgment in solido against the defendants, the exceptions of misjoinder filed by each of the defendants must be sustained and plaintiff’s suit dismissed at his cost.”
*14 On this appeal the defendants reurge the same grounds for sustaining the exceptions as relied upon by them in the lower court and sustained by the trial judge, namely, the failure of plaintiff to allege facts constituting solidary liability on the part of the defendants. The position of the plaintiff, on the other hand, is that under certain statutes of this state he is relieved from alleging any negligence whatsoever and consequently that it is not incumbent upon him to allege the facts which would show solidary liability.
The law relied upon by plaintiff is to be found in LSA-R.S. 45:503, Sec. 3 of Act No. 110 of 1886 and LSA-R.S. 45:504, Sec. 1 of Act No. 70 of 1886, the pertinent portions of which read as follows:
LSA-R.S. 45:503: “* * * Railroad companies shall not be responsible for the killing or injury of stock if their line of track is fenced in and kept in good order, and if they have erected and maintained, in good order, suitable cattle guards at crossings.”
LSA-R.S. 45:504: “In suits against railroad companies for the loss of stock killed or injured by them, it is sufficient, in order for the plaintiff and owner to recover, to prove the killing or injury, unless it is shown by the defendant company that the killing or injury was not the result of fault or carelessness on their part or the negligent or indifferent running or management of their locomotive or train.”
It will be readily seen from the wording of the above, especially under LSA-R.S. 45:504, that in. a case against a railroad involving loss of stock the plaintiff makes out his case by showing the death or injury and that the burden of proof then shifts to the defendant, who, in order to escape liability, must show freedom from negligence on its part. Or, as stated by the Court in State ex rel. Sorrel v. Foster, 106 La. 425, 31 So. 57, 58: “It will be observed this statute changes in an important respect the rule which obtained prior to its enactment. Then, the claimant owner must prove the killing or injury and the fault of the company. Now, it entirely suffices for the owner to recover that he prove merely the killing or injury. Since the law relieves the owner of proving negligence, wherefore the necessity of alleging that which he does not have to prove? His cause of action is complete, under the law as it now stands, when he sets forth his animal has been killed by the defendant company, where and when killed, and that its value is so much. He does not have to prove ‘anything save this to recover. Therefore he has a cause of action when he alleges this. The public policy of the state announced in Act No. 70 of 1886 is that railway companies must pay for all stock killed or injured by their trains unless they (the companies) succeed in showing the killing or injury * * * through no fault of theirs. It is therefore- for the railway company, in its answer to a suit, to ■allege no negligence, and to prove no negligence. It is not for the plaintiff to either allege fault or prove fault on part of the company. It would be requiring a vain thing of the plaintiff to insist he must allege negligence when he does not have to prove it. It is surplusage to aver that which need not be proven to make out a case. 2 Rice, Ev. p. 1101. As a plaintiff may not prove what he does not allege, so he need not allege that which the law relieves him from proving. The district judge should have overruled the exception of no cause of action filed in his court, based on the absence of the averment of negligence in the relator’s petition.”
In view of the above it is clear that had the plaintiff been suing only one defendant it would not have been incumbent upon him to make any allegations of negligence whatsoever. The question then remains of whether he is still relieved from alleging negligence where he seeks to join two defendant railroad companies in one action. We think that he is. Here the plaintiff has not only alleged the fact that his cattle were killed, but he has gone further and shown that the killing was a result of the failure of one of the defendants to maintain its fences. Also, it is alleged in the first paragraph of the petition that the defendants are solidarily liable. And, while the prayer does not ask for judgment in solido, we think that the allegation of *15 solidary liability in a suit of this nature is sufficient properly to join both defendants.
The defendants lay particular stress on the cases of Breaux Bridge Lumber Company v. Hebert, 121 La. 188, 46 So. 206; City of New Orleans v. Howcott, 8 Orleans App. 54; Courtney v. Louisiana Railway and Navigation Company, 131 La. 575, 59 So. 994; McGee v. Collins, 156 La. 291, 100 So. 430. These cases all announce the well settled rule that there is a misjoinder of parties defendant where there is no allegation of combination of action or privity of contract. The instant case we think, however, to be an exception, for here the law excuses the plaintiff from alleging the facts constituting negligence. Under these circumstances we think the spirit of the statute, LSA-R.S. 45 :504, would be defeated if the plaintiff, in order to join the two defendants, would have to go ahead and set out the alleged acts of negligence and the fact of concerted action or unity of interest. He has alleged in his petition that they are solidarily liable; that they both operated railroad trains on and over the said tracks and right of way and that his said cattle were killed by trains owned and operated by both defendants. For the purpose of this exception, we must accept those allegations -as true. That, we think, should be sufficient to state a cause of action against the both of them as joint tort-feasors. Whether upon the trial of the case it can be shown that there was or was not freedom from negligence or the absence of concerted action is another question.
The defendants also stress the fact that the prayer does'not seek judgment in sol-ido and relies upon the general rule that the prayer controls the relief to be granted.
A reading of the petition discloses, however, that the plaintiff is actually seeking to hold the defendants solidarily liable. He concludes by asking for general and equitable relief which is sufficient. See Le Goaster v. Lafon Asylum, 159 La. 855, 106 So. 329, 330, wherein it was held:
“Appellants contend that they prayed for an injunction only, and therefore no other issue was before the court. The prayer of their petition concludes with the words ‘and for general and equitable relief.’ The purpose of a suit and the matters in dispute are to be ascertained from the averments of the petition in conjunction with the prayer, and, where there is a prayer for general relief, the court may act on the averments.
“ ‘The object or purpose of a suit or the matter in dispute should be determined not by the prayer of the petition alone, but from the body of the petitioner in conjunction with the prayer.
“ ‘Even if the prayer does not ask in plain terms the decree that the allegations of the petition would clearly warrant, such omission will not prejudice the petitioner’s right to recover on the averments of his petition, where they are sufficient to sustain the proper action and decree, and there is a prayer for general relief.’ State ex rel J. M. Levet v. Lapeyrollerie, 38 La.Ann. 913.
“This has been the rule in Louisiana. As far back as 1834 this court held that—
“ ‘The prayer for general relief will enable the Supreme Court to examine the case on its merits.’ Gottschalk v. De la Rosa, 6 La. 219.
“In later cases the court said:
“ ‘While plaintiff may not be entitled to the specific relief prayed for, his prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify.’ Stark v. Howcott, 118 La. 489, 43 So. 61.
“ ‘A prayer for general relief authorizes all ordinary decrees which the pleadings and evidence may justify.’ Legier v. Braughn, 123 La. 463, 49 So. 22; Kinder v. Soharff et al., 125 La. 594, 51 So. 654.”
It is our conception that the tendency of modern practice is to yield as little as possible to technicalities and to construe pleadings so as to serve ends of justice and prevent useless cost and delay.
For the reasons assigned the judgment of the lower court is reversed and the case remanded; costs of this appeal to be paid by defendants.