348 So.2d 699 (1977)
Albert J. BROWN, Jr.
v.
Clara W. BROWN.
No. 11403.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
*700 Walter C. Dumas, Baton Rouge, of counsel for plaintiff-appellant, Albert J. Brown, Jr.
Walton J. Barnes, Baton Rouge, of counsel for defendant-appellee, Clara W. Brown.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
Plaintiff, Albert J. Brown, filed this rule against his ex-wife, Clara W. Brown, to reduce his alimony payments from $150.00 per month to $50.00 per month. The trial court rendered judgment reducing the alimony to $50.00 per month as prayed for in the rule. Mr. Brown has appealed, contending that the alimony award should have been revoked in toto.
The Browns were divorced by judgment dated July 8,1976. This judgment provided that Mr. Brown pay $150.00 per month to Mrs. Brown as permanent alimony.
On October 28, 1976, Mr. Brown filed a "Motion for Rule Nisi" to reduce the alimony payments from $150.00 per month to $50.00 per month based on a change in his circumstances. The motion also contained a prayer for "all other orders and decrees necessary and proper in the premises, which law, equity and the nature of the case may permit."
The evidence presented at the hearing on the rule demonstrated that there had been no change in circumstances with regard to Mr. Brown warranting a reduction in the alimony award.
However, at the hearing the pleadings were expanded when evidence, beyond the scope of the original pleadings, was offered and admitted without objection. This evidence consisted of Mrs. Brown's testimony to the effect that she had obtained employment since the rendition of the divorce judgment; and was presently earning approximately $300.00 per month.
The trial court held that there had been a change in circumstances insofar as Mrs. Brown was concerned sufficient to warrant an alimony reduction. The trial judge then stated:
"Now, the rule for a reduction prays that it be reduced to the sum of fifty dollars per month, and so the Court will not go beyond the scope
Mr. Dumas: Your Honor
The Court: No, sir, I
Mr. Dumas: Wait, Your Honor.
The last paragraph of the rule states for any other necessary and proper relief the law and equity of the case may permit. That is the last paragraph of the rule.
THE COURT: I am going to limit it to the amount you specifically prayed for, fifty dollars a month."
Mr. Brown contends that the trial court erred in refusing to revoke the alimony award in its entirety. He bases this contention on his plea for all general and equitable relief and cites several cases predating the Code of Civil Procedure in support thereof.
The cases involving prayers for general and equitable relief prior to the enactment of the Code of Civil Procedure held that such a prayer authorized all ordinary decrees which the pleadings might justify. Le Goaster v. Lafon Asylum, 159 La. 855, 106 So. 329 (1925); Kinder v. Scharff, 125 La. 594, 51 So. 654 (1910); Stark v. Howcott, 118 La. 489, 43 So. 61 (1907); Newman v. Fidelity Mutual Insurance Co., 86 So.2d 404 (La.App. 1st Cir. 1956).
The necessity for the prayer for general and equitable relief was eliminated by *701 LSA-C.C.P. art. 862, [1] as the article automatically performs the function of such a prayer. The purpose of the article is to suppress the "theory of the case" doctrine and permit a court to grant the relief warranted by the averments contained in the pleadings and the evidence.
In the instant case, we find that the only relief supported by the averments in the body and prayer of the petition and by the evidence in the record is that granted by the trial court, i. e., the reduction of the alimony award to $50.00 per month. We find no basis, in either the body and prayer of the petition or in the evidence, to support a decree under a general and equitable remedy theory granting relief beyond that specifically prayed for in the petition. There is nothing in the record to give notice that Mr. Brown was seeking any relief beyond the reduction of the alimony award to $50.00 per month.
Accordingly Mr. Brown's contention is without merit.
The law is settled that a trial judge is vested with much discretion in fixing the amount of an alimony award. Such an award will not be disturbed by a reviewing court absent a clear showing of an abuse of said discretion. Holloway v. Holloway, 296 So.2d 435 (La.App. 1st Cir. 1974); Guilbeau v. Latour, 270 So.2d 328 (La.App. 3rd Cir. 1972). We find no abuse of discretion in this case.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] "Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."