22 So.2d 559

## CASSAGNE v. CASSAGNE.

### No. 37648.

April 30, 1945.

Andrew H. Thalheim, of Gretna, for plaintiff and appellant.

Matthew A. Grace, of New Orleans, for defendant and appellee.

ROGERS, Justice.

In the latter part of 1941, Mrs. Pearl F. Cassagne brought suit against her husband, Alphonse G. Cassagne, for a separation from bed and board and as an incident to the suit she prayed for the custody of their minor children, Paul and Alphonse, and for alimony for their support. Defendant answered the suit, but it was never tried on the merits.

The rule for alimony was fixed a number of times but was not heard until July 23, 1943, when, at the instance of counsel presently representing plaintiff, it was called for trial. On August 6, 1943, the rule was argued and submitted and on November 2, 1943, judgment was rendered condemning defendant to pay alimony of $5 per week for the support of his minor children. On December 7, 1943, alleging that defendant had failed to comply with the judgment, plaintiff ruled him into court for contempt and for a judgment for the full amount due for alimony, with legal interest, the judgment to be made executory as in the case of any other monied judgment.

Prior to the rendition of the judgment for alimony in the suit for separation from bed and board on November 2, 1943, plaintiff brought suit for divorce on the ground of two years continuous living separate and apart as provided by Act No. 430 of 1938. In this suit, which was filed on September 30, 1943, plaintiff prayed for the custody of the two minor children of the marriage and for alimony for their support. On November 12, 1943, judgment by default was rendered granting plaintiff an absolute divorce, awarding her the permanent custody of the two minor children, and ordering the defendant to pay $5 per week as alimony for the maintenance and support of the minor, Alphonse G. Cassagne.

On December 7, 1943, defendant having failed to pay the alimony he was condemned to pay by the judgment of November 12, 1943, plaintiff filed a rule for contempt against him, alleging his ability to pay the alimony and that the minor Alphonse G. Cassagne was in poor health, needing the constant care of a physician and the use of expensive drugs. Plaintiff further alleged in the rule that the alimony of $5 per week should be increased

to $20 per week and that a judgment should be rendered for the full amount of alimony due, with interest, the judgment to be made executory as in the case of other monied judgments.

The defendant answered both rules setting forth in substance that he was not indebted for the payment of alimony for the reason that plaintiff had purchased for $406 certain community property sold at public sale in the suit for separation from bed and board and that she had not made any payment thereon. Defendant further averred that plaintiff had collected a total amount of $476 as rent on certain community real estate during the pendency of the suit for separation, of which amount defendant was entitled to one-half or $238. That therefore plaintiff had either collected or owed $644, which should be considered as an off-set to the alimony of $5 per week which he was ordered to pay.

On joint motion of counsel for the parties, the rules were consolidated for trial. At the inception of the trial, counsel for plaintiff orally moved that the judge order stricken from the answers of the defendant all allegations attempting to set up any claim or set-off for the reason that the matrimonial community existing between the parties had not been liquidated and that the amount alleged to be due as alimony was for the support of the minor Alphonse G. Cassagne and was not subject to any set-off. The judge overruled the motion to strike and counsel for plaintiff then entered a general objection to the admission of any testimony whatsoever relating to the allegations of the answers as to which he had made the motion to strike.

After hearing the parties, the judge, on July 17, 1944, rendered a judgment discharging the defendant from contempt in both cases, allowing the defendant a set-off to the extent of $644, holding that the alimony of $5 per week was paid up to February 28, 1944, and refusing to increase the amount of the weekly allowance. Plaintiff in the rules appealed from the judgment

■ The first question to be disposed of is on a plea filed by the defendant in this Court. This plea is designated by defendant as an exception of no right or cause of action and is based on the proposition that the district court was without jurisdiction to consider the rule in the suit for separation because that suit abated and ceased to exist when plaintiff filed her suit for divorce on September 30, 1943, and thereafter no summary proceeding could be had therein.

The district court had general jurisdiction of the parties and the subject matter of the litigation and, hence, defendant's plea to the jurisdiction of the court and of no right or cause of action is in effect nothing more than a plea in abatement. Thus in Cotton v. Wright, 193 La. 520, 190 So. 665, it was held that an exception to a rule to fix alimony in a separation suit, alleging that the summary proceeding was no longer permissible because the suit had been ipso facto merged into a judgment of divorce subsequently rendered in a separate suit, was, in effect, a plea in abatement.

■ A plea in abatement is a dilatory exception. Lafon's Ex'rs v. Riviere, 1 Mart., N.S., 130. Such exceptions do not tend to defeat the action, but only to retard its progress. Code Prac. Art. 332. They come too late when filed after issue is joined. Code Prac. Art. 333; Lafon's Ex'rs v. Riviere, supra; Ashbey v. Ashbey, 38 La.Ann. 902.

■ It is well settled that matters in abatement can not be urged for the first time on appeal. 1 Corpus Juris, Abatement and Revival, Sec. 585, p. 264; Smith v. Braun, 37 La.Ann. 225.

Defendant can not avail himself of the plea in abatement which was filed for the first time in this Court. The plea should have been filed earlier. Whatever right defendant may have had to claim the benefit of the plea was waived when he permitted the rule to proceed to trial and judgment on the merits.

■■ The judge did not err in refusing to sustain plaintiff's objection to the allowance of certain credits claimed by defendant as a set-off to the demand for alimony. The parties were divorced by the judgment rendered against defendant on November 12, 1943, at which time not only their marriage, but also the matrimonial community existing between them was dissolved. Upon the rendition of the judgment the rights of the parties became exigible and either could have brought suit against the other for the settlement of his or her claims arising out of the community of acquets and gains previously existing between them. On the trial of the case, the plaintiff admitted that she had received

money and property belonging to the matrimonial community which she used to support her children. Defendant testified that he did not ask for an accounting from the plaintiff of the money received by her from the re-sale of the community property purchased by her because he expected her to use the money to support their minor children. The testimony also shows that the defendant offered to pay the plaintiff $60 against the alimony due by him, but that plaintiff refused the offer.

The judge erred in allowing defendant a credit of $644 as an off-set to the claim for alimony. The uncontradicted testimony of plaintiff shows that the amount of rent collected by her was $282.50 as against which she spent for repairs and insurance $133, leaving $149.50 as the net amount of the rent due by her. In addition to this amount, plaintiff should be charged with $460 for the purchase price of a milking machine, icebox and truck which she purchased at the public sale of the community assets. Therefore, the total value of the community assets received by the plaintiff was $609.50 and not $644, as found by the judge, but plaintiff was entitled to one-half of this amount, or $304.75, and she was chargeable for a like amount as defendant's share of these assets, which she used for the support of the minor children. As we understand the record, on December 7, 1943, when plaintiff filed her rules for contempt and for a judgment for past due alimony, the amount of such alimony was $585 as against which defendant was entitled to a credit of $304.75, leaving the amount due by him as $280.25.

As to the refusal of the judge to increase the rate of alimony, it suffices to say that since it does not appear that he acted arbitrarily in the matter, this Court will not substitute its judgment for that of the judge. Grimes v. Posecai, 175 La. 1, 142 So. 703; Shipp v. Shipp, 180 La. 881, 158 So. 5.

The testimony shows that the defendant, who is employed by the St. Mary Oil Company at Charenton, Louisiana, after allowing for the deductions for social security and withholding tax and other necessary expenses, is left with a net amount of $72.64 out of his monthly earnings with which to support himself.

We find no error in the refusal of the judge to hold the defendant in contempt.

For the reasons assigned, the judgment appealed from is affirmed so far as it discharges the rules for contempt. The judgment is annulled so far as it discharges the rules for alimony and it is now ordered that on the judgments of alimony of November 2, 1943, and November 12, 1943, in favor of plaintiff and against defendant, there remained unpaid to plaintiff as due, exigible and executory on December 7, 1943, the sum of $280.25, from which date alimony at the rate of $5.00 per week is due. All costs are to be paid by the defendant.

HIGGINS, J., takes no part.