SAVOY, Judge.
By judgment of court dated September 17, 1958, plaintiff, Pierre Babineaux, obtained a divorce “a vinculo matrimonii” from his wife, Laura Viator. Defendant was awarded the permanent care, custody and control of the minor child born of the union between said parties, namely, Robert Lynn Babineaux. Plaintiff was condemned to pay defendant alimony in the «sum of $100 per month for the support and maintenance of the minor child, Robert Lynn Babineaux.
In a subsequent proceeding in the same suit, plaintiff filed a petition and rule asking that the alimony granted for the benfit of the said minor child be reduced from $100 to $50 per month. After a hearing on said rule, the district court rejected plaintiff’s demands and dismissed said rule. From this ruling plaintiff has appealed to this Court.
The evidence in this case disclosed that at the time the rule was heard plaintiff was making $307 per month, after all deductions were taken from his salary. Shortly after he obtained his final divorce from defendant, plaintiff remarried, and his second wife has two children born of a prior marriage and had a net income on the day the rule was heard of $120. Defendant had a net income of $136.80 per month.
Counsel for defendant appellee contended that the primary obligation of plaintiff appellant was to the child born of the first marriage, citing the case of Laiche v. Laiche, 237 La. 298, 111 So.2d 120, wherein the Supreme Court held the primary obligation of the husband was to support, maintain and educate his children, and although he had the right to remarry and raise another family, he could not be allowed to use the reason of his second marriage as a basis for relief of the obligation he owed the children or child of his first marriage.
Counsel for plaintiff took the position that while it was true that plaintiff could not escape his obligation to his child by marrying a second time, by the same token, the meager earnings of the second wife should not be diverted from the support of herself and her children for the support of defendant and her child.
While this Court is aware that the matter before it is a factual one, and we are also familiar with the well established rule that the ruling of the trial court on questions of fact should not be disturbed unless manifestly erroneous, in view of the circumstances of this case, including the fact that the husband has an income of approximately $300 per month, it is the opinion of this Court that the award made by the trial judge of $100 per month is excessive, and accordingly, it is reduced to $60 per month, effective when this decree becomes final.
For the reasons assigned, the judgment of the district court awarding defendant alimony at the rate of $100 per month for the custody of the minor child, Robert *206 Lynn Babineaux, is hereby reduced to the sum of $60 per month. Plaintiff is to pay the costs of court in the district court and on appeal.
Amended and affirmed.