J. ADOLPH MENUET, Judge pro tern.
Following a decree of divorce between Harold E. Lawrence and his former wife, Mrs. Shirley Miller Lawrence, rendered on April 11, 1936, a rule for custody and alimony was filed by her against Miller on October 2, 1936. On November 9, 1956, by joint stipulation, the mother was granted the care, custody and control of the four minor children of the marriage and alimony was fixed at the rate of $188.00 per month for the support of the children. A rule to increase the said amount was filed on July 12, 1957, and after a hearing, on August 8th of that year, the alimony award was increased to $195.00 a month. The husband has met these monthly installments up to the present time. During the month of July, 1960, Wayne Lawrence, one of the minor children, now 18, entered the United States Navy. Whereupon, Harold E. Lawrence filed a rule for reduction of alimony. Immediately thereafter, Mrs. Lawrence filed a rule for an increase. The two rules were consolidated and tried as one. The evidence discloses the former husband is earning approximately $10,000.00 a year. After the hearing, the trial court being of the opinion that the alimony should remain as was originally fixed by the court for reasons orally assigned discharged both rules.
Harold E. Lawrence has appealed from the dismissal of his rule to decrease alimony and contends that the trial judge erred in not reducing the alimony award by one quarter of the original decree because there is now one less child to be supported.
As to the refusal of the judge to decrease the rate of alimony, it suffices to say that since it does not appear that he acted arbitrarily in the matter, this court will not substitute its judgment for that of the trial judge. Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559.
The effect of discharging both rules might possibly be considered as an increase of the award in favor of the wife. Since an award of alimony is made upon a finding of the needs of the dependents commensurate with the father’s ability to pay, LSA-Civil Code Art. 231, we do not find that the trial court acted arbitrarily or unreasonably by discharging both rules even though this action may, in fact, result in an increase for the support of the remaining children. The trial court was of the opinion that alimony should remain as originally set by the court. We find no manifest error in this ruling. Dupuy v. Iowa Mutual Insurance Co., La. App., First Circuit 1959, 113 So.2d 830.
For the foregoing reasons, the judgment dismissing the alimony rule of Harold E. Lawrence is affirmed.
Affirmed.