HALL, Judge.
Harold E. Lawrence prosecutes this appeal from a judgment dismissing his rule to reduce the amount of alimony previously fixed for maintenance and support of his minor children.
Mr. Lawrence and his former wife, Mrs. Shirley Miller Lawrence, were divorced on April 11, 1956. Following the divorce the custody of the four minor children of the marriage (Wayne, Gayle, Ronald and Richard) was awarded to their mother and alimony for the support of the four children was fixed by agreement of the parties at $188.00 per month. In July 1957 the alimony was increased to $195.00 per month. In March 1961 Mr. Lawrence filed a rule to reduce the amount of the alimony on the ground that one of the boys, Wayne, had entered the Navy. Following a hearing the District Judge entered judgment dismissing this rule which judgment was affirmed on appeal to this Court. See La. *415 App., 145 So.2d 642. As a result the same amount of alimony formerly payable’ for the support of four children now became payable for the support of three.
In March of 1963 the alimony was reduced from $195.00 per month to $170.00 per month on account of a reduction in Mr. Lawrence’s earnings.
In October 1963 a second son, Ronald, entered the Navy and on November 27, 1963 Mr. Lawrence filed a rule to reduce the amount of the alimony by one-third, or from $170.00 per month to $133.33 per month on the ground thát there were now only two children, instead of three, requiring his support. This rule was dismissed by judgment rendered December 10, 1963 and Mr. Lawrence brought this appeal.
Appellant contends that the conditions are substantially the same as they existed when the alimony was fixed at $170.00 per month except that there is now one less child requiring his support. He relies heavily upon the decision of this Court in Wilmot v. Wilmot, La.App., 136 So.2d 806, and contends that there is nothing in the record which could or would warrant the Court in considering the support for any of the children differently than on a proportionate basis; he points out that the judgment dismissing his rule has the effect of increasing the alimony for the support of the two remaining children notwithstanding that Mrs. Lawrence has filed no rule for such increase; and contends that the Trial Judge acted arbitrarily and unreasonably in dismissing the rule.
The result reached by us in the Wilmot case, supra, was occasioned by the fact that the transcript of the record on appeal contained no testimony whatever and it was impossible to determine the needs of the two children involved or either of them. Our decision in that case by no means stands for the proposition that the amount of alimony fixed in globo for the support of two or more children must be reduced in 'mathematical proportion when the number of children entitled to support is reduced.
It is unfortunately all too common.an occurrence that, due to the financial condition of the father, alimony fixed for the support of two or more children is insufficient to support a lesser number adequately, and the mere fact that the number of children requiring support is reduced by no means necessarily requires a proportionate reduction in alimony.
In matters of this kind the only criteria are the needs of the children and the ability of the father to pay.
The testimony in this case shows that Mr. Lawrence’s financial condition has improved to some extent since the amount of alimony was fixed at $170.00 per month in March of 1963. His gross pay now averages $188.00 per week, or approximately $800.00 per month and he is well able to pay $170.00 per month for the support of his children.
At the time this rule was filed two of the children, Gayle and Richard were entirely dependent on the alimony which was being paid. Gayle was a second year student at the University of Southwestern Louisiana at Lafayette. The expense of keeping him at school had increased over the first year. His board was $76.00 per month, an increase of $20.00 per month; his tuition was $34.00 a semester, an increase of $10.00, additional books for the second year amounted to $42.00 or $43.00.
Richard was living at home with his mother. The evidence shows that his mother had had to move to more expensive quarters than she had occupied prior to March 1963. This was done solely on account of the fact that Richard’s doctor advised that it was necessary for him to have a room separate and apart from the rest of the house.
Although Ronald had enlisted in the Navy in October 1963 he was still a minor *416 and still some expense to his mother, temporarily, since he would draw no pay from the Navy until he had finished hoot camp. Besides this she still owed some medical and dental bills incurred for his account.
 It does not appear from the record in this case that the Trial Judge acted arbitrarily or unreasonably in dismissing the rule even though such dismissal has the effect of increasing the support for the two remaining children, and this Court will not substitute its judgment for that of the Trial Judge. Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559; Lawrence v. Lawrence, La.App., 145 So.2d 642. The fact that Mrs. Lawrence filed no rule to increase the alimony is of no consequence.
For the foregoing reasons the judgment appealed from is affirmed at appellant’s cost.
Affirmed.