MILLER, Judge.
Tollie M. Weeks sued for judicial separation grounded on abandonment. Mrs. Linda Gayle Weeks reconvened and was awarded a judicial separation grounded on cruel treatment. The trial court 1) awarded custody of their nine year old child to wife’s aunt Mrs, S. G. Teekell, 2) set child support at $75 per month plus the premium on a health and accident policy covering the child, 3) denied wife’s claim for alimony, and 4) denied wife’s claim for attorney fees. She appealed as to these four rulings and husband did not answer the appeal. The judgment awarding wife the judicial separation is final. We affirm the custody decree and amend and/or reverse and render the remaining three rulings.
The parties were married in 1959. Their first and only child Renea was born in 1962. In 1967, husband obtained a judicial divorce grounded on wife’s adultery and he was awarded custody of their child. Although the record is not entirely clear it appears that while he had custody, husband placed Renea with Mrs. Teekell of Monroe. The parties remarried on December 7, 1969. Wife sued for a judicial separation in October, 1970 but the suit was dismissed when they reconciled shortly thereafter. Following a January 2, 1971 violent argument followed by physical violence, the parties again separated but reconciled. On January 15, 1971, they finally separated after husband kicked the wife causing serious personal injuries.
The parties agreed at that time and later stipulated at a preliminary hearing that pending trial, temporary custody of their child should be awarded to Mrs. Teekell. Both parties agree that Mrs. Teekell provides a good home and that their child is well adjusted in her home. Husband and wife visit their child at different times in Mrs. Teekell’s home with no difficulty.
There is substantial evidence to indicate that the mother might be entitled to custody. Mrs. Teekell testified that her niece was a good mother to her child. Husband’s primary objection was that his wife worked in a bar and lived in a nearby trailer house. He suspected that his 29 year old wife lived with the 70 year old owner of the bar, but did not prove this fact.
On the other hand, the trial court heard evidence that the wife had been judicially declared unfit in 1967; that since the parties remarried she cursed her husband in every way that she could (for just cause, she thought); and that on one occasion she chased him with a butchér knife (again for just cause, she thought). We do not find manifest error in the trial court determination that both mother and father were unfit to have custody of their child.
Following this determination, the concern with which we are dealing is, in its simplest form, the general welfare and best interest of the child. This determination is left to the broad discretion of the trial judge, *701 whose rulings concerning the same should not be reversed except for clear error or abuse of discretion. Roller v. Roller, 213 So.2d 161 at 163 (La.App. 3 Cir. 1968). See also Kieffer v. Heriard, 221 La. 151, 58 So. 2d 836 (1952).
Plaintiff husband is a river boat pilot with minimum earnings of $900 per month. In some months he earns substantially more. He has no other dependents and no debts.
Considering the ability of the father to pay and the needs of the nine year old child, the award of $75 per month plus medical hospitalization is manifestly inadequate. An increase to $125 per month effective April 27, 1971 is in order. Boling v. Boling, 229 So.2d 423 (La.App. 3 Cir. 1969). We affirm the trial court judgment ordering husband to “pay to a reputable and recognized health insurance company the premium necessary to maintain health and accident insurance on the child.”
After a judicial separation and until a judgment of final divorce, a wife is entitled to alimony for her support proportioned to her needs and to the means of her husband. LSA-C.C. Art. 148. Vestal v. Vestal, 216 So.2d 386 (La.App. 3 Cir. 1968). The trial court denied alimony for the reason that wife did not “plead it.” Tr. 84. But defendant wife did plead and pray for alimony (Tr. 6) and is entitled to alimony at the rate of $200 per month effective April 27, 1971.
Defendant wife is entitled to attorney fees since she won the judicial separation and there was $2,000 in a community account. Miguez v. Miguez, 128 So.2d 799, 803 (La.App. 3 Cir. 1961). She prayed for attorney fees in the amount of $300 and is entitled to judgment in that amount against the community of acquets and gains existing between the two parties.
The trial court judgment is affirmed insofar as it 1) awards a judicial separation to Linda Gayle Weeks; 2) awards custody of Renea to Mrs. S. G. Teekell, subject to reasonable visitation by both parties, 3) orders Tollie M. Weeks to provide health and hospital insurance coverage to his minor child; and 4) recognizes the parties as owners of one-half the community property and orders it divided. The remainder of the judgment is amended and/or reversed.
It is ordered, adjudged and decreed that effective April 27, 1971, Tollie M. Weeks pay to Mrs. S. G. Teekell, the sum of $125 per month for the support and maintenance of his child; that effective April 27, 1971, Tollie M. Weeks pay to Linda Gayle Weeks alimony at the rate of $200 per month; that Linda Gayle Weeks is awarded judgment against the community of acquets and gains existing between the two parties in the amount of $300. Costs of this appeal are assessed to Tollie M. Weeks.
Affirmed in part; in part amended and/or reversed and rendered.