DOMENGEAUX, Judge.
On December 19, 1969, the Appellee herein, Emay Adams, was granted a divorce from the Appellant, Maxie P. Trahan. The latter was condemned to pay unto Emay Adams the sum of $150.00 per month for the support and maintenance of their minor child, Maxine Trahan. On November 16, 1971, the Appellant, alleging a diminution in earnings due to a change of employment, filed a rule to haVe his child support payments reduced. A hearing was held resulting in a denial of his motion. He appeals that ruling. We affirm.
Mr. Trahan testified that when he was ordered to make child support payments in the amount of $150.00 per month he was employed by an insurance company and earned approximately $1,000.00 per month, but that he has discontinued that employment, and now owns a restaurant-type business from which his gross sales for the seven months since he commenced the business were approximately $14,000.-00. His expenses in connection therewith amounted to approximately $12,000.00, and he figured his net return from the business to be $286.00 per month. There is some variance in the evidence as to what he says he clears monthly. He offered no record proof of his business operations. He further testified that his only other income was from a small cattle business from which he makes very little. He is not remarried but admits to living with a woman and her two children. The woman works with him in his new business. He admits to owning a 1968 model automobile but denies that a new pickup truck which he uses, and which was secured since his divorce was purchased by him. He indicates it was purchased by his companion.
Although Mr. Trahan’s testimony is to the effect that his present income is much less than it was before, nevertheless the trial judge must have concluded that his earnings were greater than indicated and that he was able to continue making the support payments previously ordered. Under these circumstances we apply the well-established rule of appellate review that the findings of fact made by the trial judge, especially when the credibility of witnesses is involved, is to be given great weight and his conclusions will be disturbed only if manifestly erroneous.
Inasmuch as it does not appear that the trial judge acted arbitrarily in this matter this court will not substitute its judgment for his. Lawrence v. Lawrence, La.App., 145 So.2d 642; Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559.
Under Civil Code Article 231, child support payments are fixed on the basis of the ability of the father to pay and the needs of the child, and reasonable latitude must be left to the trial judge in determining matters affecting the welfare of children. His determinations in such matters are entitled to great weight. Teague v. Teague, La.App., 157 So.2d 595.
In view of the circumstances of this case, and the law applicable thereto, we *360 cannot say that the trial judge abused his discretion in refusing to lower the amount of child support which Mr. Trahan has been ordered to pay.
For the above and foregoing reasons the judgment appealed is affirmed. Costs of this appeal are assessed against appellant.
Affirmed.