CULPEPPER, Judge.
The sole issue on appeal is the amount which the defendant father must pay for the support of his three children, born of his first marriage to plaintiff. The district judge awarded $60 per month per child, a total of $180 per month. The plaintiff mother appealed, seeking an increase.
The record shows that in September of 1969 Mr. Joseph Burnett was granted a divorce from Mrs. Joyce Burnett in the State of Nevada. That judgment contained no provisions as to child custody or support. However, Mrs. Burnett retained actual custody of the three children and Mr. Burnett voluntarily paid $150 per month for their support.
Both Mr. and Mrs. Burnett remarried. Then in September of 1971 Mrs. Burnett, now Mrs. Joyce Marcus and a resident of Texas, filed the present suit for custody and child support. The district judge first fixed the amount at $200 per month. But then he granted the father’s application for a new trial and reduced this to $180 per month.
The children involved are two girls, respectively 16 and 14 years of age in 1971, and a boy, 10 years of age. To prove the needs of these three children, plaintiff testified that there are now a total of seven persons in the home occupied by her and Mr. Marcus. She calculated their total expenses for rent, food, clothes, utilities, automobile expenses, medical expense, etc. at the sum of $1556.10 per month. On this basis, she says she needs $222.30 per child per month for their support.
Other evidence shows that plaintiff’s present husband, Mr. Marcus, is an operator for Cities Service Oil Company and earns about $12,000 gross per year. Plaintiff has worked in the past as a secretary but is not presently employed. She recently inherited approximately $6,000 and also *739 has signed a contract to sell the house owned by the community formerly existing between her and Mr. Burnett, from which sale Mrs. Marcus will realize approximately $4,000.
The evidence regarding the defendant father’s ability to pay child support, shows that he also is an operator for Cities Service Oil Company and earns approximately $12,000 gross per year. His present wife is employed, as a secretary, and earns a gross of about $6,000 per year. They live in Louisiana. Defendant’s new wife has two minor children who live in the home with them. She also has a married daughter, who has a child and whose husband is a student in McNeese College. Mr. and Mrs. Burnett contribute about $285 a month for the support of the married daughter, her husband and child, while the husband is still in school.
A letter from the payroll department of Cities Service Oil Company shows that for the period, January 1, 1971 to November 11, 1971, Mr. Burnett deposited $3,077.94 in the company credit union savings plan, on which he draws interest. He also placed $424.98 in the thrift plan, which his employer matches, fifty cents on one dollar.
The defendant-father itemized the living expenses of his new family, including the $150 per month child support which he had been paying to his three children by his first marriage and the sum of $285 per month for his present wife’s married daughter, her husband and child. The total is $1515 per month.
LSA-C.C. Article 227 provides: “Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.” Of course, this obligation continues after separation or divorce, and applies to both mothers and fathers. Poydras v. Poydras, 155 So.2d 221 (La.App., 1st Cir. 1963); Zara v. Zara, 204 So.2d 76 (La.App., 4th Cir. 1967); Thornton v. Floyd, 229 La. 237, 85 So.2d 499 and Black v Black, 205 La. 861, 18 So.2d 321.
Also pertinent here are the following articles of our Civil Code:
“Art. 230. By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it.
“It includes the education, when the person to whom the alimony is due, is a minor.”
“Art. 231. Alimony shall be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.”
Counsel for the plaintiff-mother in the present case cites Morace v. Morace, 220 So.2d 775 (La.App. 1st Cir. 1969), for its holding that one-half of the second wife’s salary should be considered in determining the ability of the father to pay support for his children by his first marriage, but that the expenses of the second marriage cannot be grounds to reduce the amount of support. With all due respect to our brothers of the First Circuit, we have followed a different rule. In several cases we held the effects of the second marriage should be considered both as to income and obligations, Babineaux v. Viator, 127 So.2d 204 (La.App., 3d Cir. 1961); Harris v. Harris, 127 So.2d 747 (La.App., 3d Cir. 1961); Chaisson v. Domingue, 175 So.2d 902 (La.App., 3d Cir. 1965).
The decision in Morace results from the strict application of two Supreme Court decisions. In Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1950), the court held that a father who remarries cannot urge the expenses of the second marriage as grounds to reduce his obligations to support the children of his first marriage. In Fazzio v. Krieger, 226 La. 511, 76 So.2d 713 (1954), our Supreme Court held that the additional income of the father’s second wife is a circumstance which may be considered with regard to the amount of support due by the father to the children of his first marriage. When both of these rules are applied strictly in the same case, we agree with the posi *740 tion taken by Judge Satrain in his dissent in Morace, that an anomalous result will obtain. The view which we prefer, and the one which we have followed in our previous decisions cited above, is that both the second wife’s income and the obligations of the second marriage should be considered in determining the father’s ability to support the children of his first marriage. See the discussion of these decisions in the Case Note on Morace, 44 T.L.R. 203.
In the present case, the district judge did not give detailed reasons for his decision. Nevertheless, it is apparent he recognized that both the father and the mother of these children have an obligation to support them. The mother has remarried, and in view of her husband’s annual income of about $12,-000 a year, and the $6000 which she inherited, and the $4,000 which she is to receive from the former community, her ability to assist in the support of the children is a factor which diminishes the obligation of the father. This is not a situation where the mother is destitute and has no income or other means to help support the children.
Furthermore, the district judge apparently considered both the expenses of the second community and the income of defendant’s second wife, in deciding the father’s ability to pay. For the reasons stated above, we agree this is permissible.
Although a strong argument can be made that under all the circumstances the father should contribute more than $60 per month per child, we are unwilling to hold that the district judge has abused his large discretion in these matters. Our jurisprudence is established that in child support cases, the trial judge is vested with much discretion, Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559 (1945); Gay v. Gay, 226 So.2d 926 (La.App., 2d Cir. 1969).
The plaintiff-mother cites several cases in which the courts have awarded support ranging from $150 to $350 per month per child, Boling v. Boling, 229 So.2d 423 (La.App., 3d Cir. 1969); Malone v. Malone, 243 So.2d 100 (La.App., 1st Cir. 1970); Davidson v. Jenkins, La.App., 216 So.2d 682; Weeks v. Weeks, 258 So.2d 699 (La.App., 3d Cir. 1972). Without discussing each case separately, they are all distinguished, either on the grounds that the mother was in necessitous circumstances and therefore unable to carry her share of the support obligation, or the father’s means were such as to justify a higher award than that made in the present case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.