MILLER, Judge.
Plaintiff Donald A. Bell appeals contending that his child support payments for two teen age children should be reduced from $400 to $200 per month. We affirm.
Mrs. Ursula B. Bell obtained a judicial separation and custody of their two children on April 9, 1969. She was awarded alimony of $300 per month and child support in the sum of $500 per month. On November 24, 1971, Mr. Bell sued for divorce pursuant to the provisions of LSA-R.S. 9:302. The divorce was granted May 18, 1972. As part of this proceeding he sought to eliminate alimony and to reduce the child support to $400 per month, alleging that he was financially able to pay that amount. By amended pleadings filed February 21, 1972, Mr. Bell sought to reduce the support payments to $300 per month and specifically alleged that he was financially able and willing to pay that amount. At the May 8, 1972 hearing, Mr. Bell testified that $200 per month was the most he could pay for child support. Mrs. Bell stipulated that she was not entitled to alimony. The trial court reduced the child support to $400 per month.
Mr. Bell earns $1,833.32 each month. He has over $10,000 invested in savings accounts and an undisclosed amount invested in mutual funds. The income from these savings and investments is reinvested.
Mr. Bell’s monthly living expenses are $889 and his monthly withholdings for income tax, social security, disability insurance, group life insurance and stock purchase plan total $727. Thus he reasons that he has only $227 remaining from which to pay child support.
Mrs. Bell was attending the university when the judicial separation was obtained. She now earns $716 per month. She did not itemize the income tax deductions and other withheld amounts, but listed monthly living expenses of $977 for herself and their 13 and 15 year old minor children. Mrs. Bell’s savings account and checking account totaled about $6,000. Her stocks were valued at approximately $7,000 and the yield on all savings and investments totaled $225 per year.
Of the $977 expenses itemized by Mrs. Bell, approximately half are devoted to caring for their children. The remaining half might be substantially reduced except for the need to maintain their children according to their previous standard of living.
The father showed that after November 1971, he had approximately $1,000 per month less net income than when the judicial separation was granted, and that the wife’s earnings and her obligation to support her children reduced the needs of the children insofar as the husband’s obligation to support was concerned. Zara v. Zara, 204 So.2d 76 (La.App. 4 Cir. 1967).
Inasmuch as the award of alimony for the support of minor children is not permanent, the courts can modify an award for such support where there is demonstrated a change in the needs of the children or in the ability of the father to pay. Kahn v. Kahn, 236 So.2d 654 (La.App. 2 Cir. 1970).
Nevertheless, the trial courts are vested with considerable discretion and their judgment will not be disturbed absent an abuse of this discretion. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 at 330 (1953); Mire v. Mire, 251 So.2d 797 (La.App. 1 Cir. 1971).
Each case of this nature must be determined in the light of its own peculiar facts and circumstances. We cannot say that the trial court abused its discretion in setting monthly support at $400. In awarding this child support for two teen-age children, the trial court considered the change in circumstances of both the father and mother. It is significant that the father alleged in November 1971 that he was able and willing to pay $400 per month; and that he alleged in February 1972, that he was able and willing to pay $300 per month.
The trial court’s judgment is affirmed at appellant’s costs.
Affirmed.