de la HOUSSAYE, Judge.
This is an appeal by the husband of the judgment increasing the amount of child support from $225.00 per month to $400.00 per month. The Holloways were divorced by an Arkansas decree on March 13, 1969, in which appellant was condemned to pay $225.00 monthly for the support of the twins that were born of their marriage. Subsequent to the divorce, appellant remarried but is currently separated from his second wife. He is voluntarily paying to her $250.00 per month for her support and $230.00 for the house note, where his second wife is residing. Plaintiff filed suit seeking to have the Arkansas decree recognized by Louisiana and asking the court to increase the child support of the twins, now six years old, to $550.00 per month. No opposition was made to the Arkansas divorce decree. The court ordered that the decree be recognized and ordered appellant’s child support payments to be increased to $400.00 per month, and required him to maintain hospitalization insurance in favor of the minor children.
Appellant has appealed from this judgment only insofar as it increases the amount of child support he is ordered to pay.
The primary issue raised by appellant on this appeal is that the trial judge merely pro-rated the expenses of appellee in determining the amount of child support to be paid. He also maintains that the trial court erred in not taking into consideration the amount of support he is paying to his second wife in determining his obligation to support the children of this first marriage. No reasons for judgment were assigned by the trial judge, either written or oral.
Plaintiff testified that her monthly expenses are $890.00 per month and her yearly expenses are $660.00, which, when combined, average $924.50 monthly as expenses to her and the children. She is employed and earns $500.00 monthly. There is one other child in her household by a previous marriage. Appellant maintains that the trial judge merely divided her total monthly expenses to arrive at the amount of child support he was ultimately ordered to pay. In Marcus v. Burnett, La.App., 264 So.2d 737, writ issued 263 La. 3, 266 So.2d 710, amended on other grounds, La., 282 So.2d 122 (1973).
“ . . . the equal division of total expenses between the seven persons occupying the household is unrealistic, as it is common knowledge that adults require a greater amount for their support than the children. Considering the lifestyle of these children as' dictated by the financial circumstances of their parents, we believe that the needs of each of the children is less than the $222.30 monthly claimed by Mrs. Marcus.” Id. at 123.
As mentioned previously, we have no reasons for judgment before us by the trial judge which would dictate his mathematical computations in arriving at his child support determination. It should also be pointed out that the trial court has much discretion in fixing the amount of al *437 imony and child support and its discretion should not be disturbed unless there is an abuse of this discretion. Marcus v. Burnett, supra; Cassagne v. Cassagne, 207 La. 1033, 22 So.2d 559 (1945); Graves v. Graves, 197 So.2d 206 (La.App. 1st Cir.—1967).
The record does reflect that the needs of the twins have increased as they are now of school age. Although the testimony of plaintiff does not specifically indicate what their expenses are, there is ample testimony for the court to deduce their living expenses.
Appellant also maintains that the court did not consider the totality of his circumstances with his obligation to support his second wife and the child born of the second marriage. Mr. Holloway testified that he earns $1,116.00 monthly and has expenses totaling $1,197.00. He is separated from his second wife and is voluntarily paying $480.00 monthly for her support and for the support of the child, although no suit has been filed by either party for a separation and no judicial determination has been made of his obligation to support his second wife and the child.
From the record presented to us, we cannot find that the trial court failed or refused to consider the payments being made for the support of appellant’s second wife and children. Evidence concerning these payments was admitted and was before him, and we must therefore find that he considered this evidence in reaching his decision.
However, we observe that these payments (to the second family), in the amounts shown, were determined by the appellant alone, without judicial determination or approval. To allow a husband to unilaterally determine the amount of support he will give to the wife and children of his second marriage, without judicial determination or review, and to allow such action to adversely affect the amount tó be judicially determined to be due the wife and children of his first marriage, would, in our view, establish a system or procedure whereby any husband could, should he so desire, favor the second or subsequent families to the absolute detriment and complete disregard of the first family. We do not believe that such is either the letter or spirit of our law.
We are thus unable to find that the trial court failed to také into consideration the totality of the circumstances, or, that having taken them into consideration, he abused his discretion, or that he committed manifest error.
Accordingly, for the foregoing reasons, the judgment of the trial court is hereby affirmed at appellant’s costs.
Judgment affirmed.