334 So.2d 796 (1976)
Sharon Ann BAER, Plaintiff-Appellee,
v.
Michael Anthony SIMON, Defendant-Appellant.
No. 5536.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
*797 Joseph J. Piccione, Lafayette, for defendant-appellant.
John Rixie Mouton, Lafayette, for plaintiff-appellee.
Before MILLER, DOMENGEAUX and PAVY, J.
MILLER, Judge.
Defendant Michael Anthony Simon appeals the dismissal of his rule against plaintiff Sharon Ann Baer by which he sought to reduce child support payments. This appeal relates primarily to the trial court's refusal to grant Simon's December 12, 1975 motion to reduce the $300 monthly child support payments set in the September 24, 1975 judgment of separation which is now final. Baer answered the appeal seeking to reverse the trial court's decision to tax her with half the court costs of trying 1) her rule to make executory past due alimony payments and to hold Simon in contempt and 2) Simon's rule to reduce the payments. We affirm.
Simon and Baer were married in 1970. Their two children were born in 1971 and 1975. On January 9, 1975 Baer left the matrimonial domicile and shortly thereafter filed suit for separation alleging cruel treatment; Simon reconvened, alleging abandonment. On September 24, 1975 the trial court granted Simon a judicial separation, awarded custody of the children to the mother subject to reasonable visitation rights, and ordered Simon to pay $300 per month "for the support and maintenance of the minor children born of the marriage."
On December 8, 1975 Baer filed a motion seeking to have Simon held in contempt for failure to timely pay the ordered child support, and to have arrears of $479.78 made executory. In his December 12 rule Simon contended his income had been reduced since the September hearing. Both rules were tried on January 12, 1976 and both motions were denied by judgment signed January 23, 1976. Court costs were taxes half to each party.
We find no manifest error in the trial court's refusal to reduce the father's support payments which had been set only two and a half months before he filed his December 12 rule. That Rule was based solely on the contention that Simon's earnings had been reduced since the September 24 judgment was signed.
At the time of the judicial separation Simon was earning $240 per week as an "estimator" for his family's contracting firm. At the January 12 trial, Simon testified that his pay had been reduced to $160 *798 weekly effective December 1, 1975. He explained his demotion was caused by his failure to show up for work, his drinking in bars, and in general his not producing the work he was paid to perform. Tr. 275. One required to pay support will not be relieved from paying support when he has brought about his own unstable financial condition. Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959).
He admits he was delinquent in making support payments when his children's mother filed the December rule. Tr. 266. The record indicates Simon was financially dependent on his family both before and after the judicial separation. Except for his admitted misbehavior Simon would be earning his previous salary; he has a Bachelor's Degree in Finance. The trial court was not impressed with the testimony that Simon's wages were reduced, and specifically cited the fact that Simon's parents and grandparents were still paying his debts. Tr. 2. There is ample evidence to support that conclusion.
The obligation to pay child support arises out of LSA-C.C. art. 227 and not out of LSA-C.C. art. 148 which deals with alimony pendente lite. Lopez v. Lopez, 264 So.2d 354 (La.App. 4 Cir. 1972). The applicable law on reduction of payments is found in LSA-C.C. art. 232, which allows a reduction when the moving party demonstrates a change in 1) the parent's ability to pay or 2) the needs of the children. Holman v. Holman, 219 La. 138, 52 So.2d 524 (1951); Bell v. Bell, 269 So.2d 270 (La.App. 3 Cir. 1972); Collette v. Olivier, 309 So.2d 894 (La.App. 3 Cir. 1975); and Trahan v. Adams, 264 So.2d 358 (La.App. 3 Cir. 1972). Simon's rule (Tr. 63) limited the issue to his contention that his ability to pay had been reduced. We do not consider the arguments raised by brief and at oral argument that the needs of his children have been reduced by virtue of the mother's earnings.
The trial court has considerable discretion in determining whether to modify child support awards, and will not be reversed except for abuse of that discretion. Bell v. Bell, 269 So.2d 270 at 271 (La.App. 3 Cir. 1972).
Trahan v. Adams, 264 So.2d 358 (La.App. 3 Cir. 1972), is particularly in point. The father sought a reduction in child support for his minor child, alleging a diminution in earnings due to a change in employment. Like Simon, he testified to a reduction in net income. This court affirmed the trial court's refusal to reduce child support payments on finding the trial court must have concluded the father's earnings were greater than indicated, and that he was able to continue making the previously ordered support payments.
We follow the rule of appellate review that trial court findings, especially when credibility of witnesses is involved, are to be given great weight. A reasonable latitude must be given trial courts in matters affecting the welfare of children. Trahan, 264 So.2d 358 at 359.
Baer answered this appeal requesting that all trial court costs be taxed to Simon. We find merit to Baer's contention that costs should be taxed to Simon because her rule was required in order to get Simon to pay past due child support. Simon did not pay all past due child support until the rule came up for trial. On that basis we would have taxed all costs of the rules to Simon. Nevertheless, we will not overturn the trial court's wide latitude in assessing costs. LSA-C.C.P. art. 1920; Ogaard v. Wiley, 325 So.2d 642 (La.App. 3 Cir. 1975). The trial court knows a great deal more about its cases than gets into the record.
The trial court judgment is affirmed at Simon's costs.
AFFIRMED.