PRICE, Judge.
Shirley Perkins filed a rule against her former husband, Joe Perkins, to increase the amount of child support he was paying from $200 per month to $750 per month. The trial court rendered judgment increasing the child support award to $300 per month until such time the minor child, Regina Perkins, turned eighteen years old. At that time the award would be reduced to $175 per month for the benefit of the remaining minor child.
Plaintiff in rule has appealed the judgment contending the trial court erred in increasing the support award by only $100 per month and further erred by reducing it to $175 per month at a future date. We affirm the judgment as rendered.
The parties were divorced by judgment dated September 30, 1976. This judgment awarded to the wife custody of two of the parties’ three minor children, Regina and Jo Ellen Perkins, and awarded to the husband the custody of the parties’ minor son. The judgment further provided that Mr. Perkins pay $200 per month to the wife as child support together with all medical and dental expenses.
The record shows that subsequent to that judgment both parties remarried and their financial situations substantially improved.
Appellant first assigns as error the increase of only $100 in the support award. She complains the cost of supporting her two daughters has greatly increased since the original award was made and she further complains that since appellee’s annual income has increased from $17,000 in 1976 to $25,000 in 1979 he is now in a position to contribute substantially more for support of the children.
Although her expenses for the children have risen since the 1976 judgment, the record shows that appellant’s present husband earns a substantial salary and when combined with appellant’s earnings, their household has an annual income of $45,000 and likewise she is in a better position to support the children. Furthermore, the judgment ordering appellee to pay child *477 support is in addition to him paying all medical and dental bills. The evidence shows he pays $45 a month just for Jo Ellen’s orthodontist expenses.
. The law is settled that a trial judge is vested with much discretion in fixing the amount of an alimony award. Such an award will not be disturbed by a reviewing court absent a clear showing of an abuse of said discretion. Holloway v. Holloway, 296 So.2d 435 (La.App. 1st Cir. 1974); Guilbeau v. Latour, 270 So.2d 328 (La.App. 3rd Cir. 1972). .
Brown v. Brown, 348 So.2d 699 (La.App. 1st Cir. 1977).
Given the broad discretion afforded the trial court in awarding child support and in consideration of the parties financial situations we cannot say the trial judge abused its discretion in raising the award by only $100 a month.
Appellant’s second complaint pertains to the trial judge reducing the $300 award to $175 per month effective once Regina Perkins reached the age of majority. Appellant argues that because a reduction based on Regina’s majority was not pleaded in reconvention to her rule, the trial court erred in including such a reduction in the judgment. Appellant does not deny that the general obligation of a parent to support his child under statutes governing parental support and education of children is terminated when the child reaches the age of majority. (See C.C. Art. 227.) However, she contends in order for a parent to modify or terminate a judgment awarding child support he must first file a suit. Appellant cites the case Halcomb v. Halcomb, 352 So.2d 1013 (La.1977) as authority. Although we agree with the reasoning of Hal-comb, we find it inapplicable to the instant case. In the Halcomb case the father proportionately reduced the in globo award in favor of children as they attained majority without his right to do so ever being decreed in a judgment. In the present case appellant’s rule asked to show cause why the child support award should not be increased in favor of the two children in her custody. Testimony of both parties at the hearing revealed that Regina Perkins, then a minor and a college student, would become eighteen years old in just twenty-four days.[1] On this basis the trial court phrased the judgment so as to reduce the award once this occurred.
A rule to show cause is a summary proceeding, C.C.P. 2592(3), which obliges one only to show, and not to plead cause: “An answer is not required, except as otherwise provided by law,” C.C.P. 2593. It is in an “answer” that affirmative defenses are required to be pleaded, C.C.P. 1005. Cookmeyer v. Cookmeyer, 354 So.2d 686 (La. App. 4th Cir. 1978).
We find the fact Regina was on the threshold of becoming eighteen years old was pertinent to the rule and that the trial judge was not manifestly erroneous in considering this evidence in his determination of the award.
For the above reasons we affirm the judgment appealed at appellant’s cost.

. Appellee testified that he wanted to help his daughter directly with her college expenses, but did not want to be forced to do so through his ex-wife.