DOMENGEAUX, Judge.
This appeal arises from a judgment denying the plaintiff-appellant’s request for a reduction in his monthly child support payments.
Appellant-husband and appellee-wife were granted a judgment of divorce on November 27, 1979, which judgment also awarded custody of the parties’ two minor children to the appellee, and further ordered the appellant to pay $500.00 per month for child support.
On November 16, 1983, the appellant filed a rule nisi seeking a reduction in child support. The appellant’s petition alleged that a reduction in the monthly child support award was warranted due to the fact that “his monthly income has been substantially reduced and that the previous child support awarded by [the] court constitutes *88 an undue burden and hardship upon [the] petitioner.”
The rule was tried on December 6, 1983, resulting in a judgment which denied the plaintiff-appellant’s reduction request and ordered him to continue the $500.00 per month child support payments.
At the trial, the district judge gave oral reasons for judgment which were transcribed in the record. There, the trial judge noted that one cannot defeat his child support obligation by impoverishing himself, and it was his opinion that Mr. De-Blieux was in fact improvishing himself so as to avoid his duty as a parent.
Judge Whitaker later drafted written reasons for judgment. He found that:
“Mr. DeBlieux testified that at the time he consented to the judgment of $500.00 per month he was the operator of a successful liquor store and was earning sufficient income to afford to pay $500.00 per month. He further testified that he has since that time got out of the liquor business and now operates a pawn shop in the city and parish of Natchitoch-es. Mr. DeBlieux put into evidence an income tax return which showed that he only earned $5,000.00 per year during the year he operated his pawn shop and that much of that was interest income. However, he did not put into evidence his income tax returns for the years in which he operated the liquor store, therefore, the court can make no comparison of his earlier income. Mr. DeBlieux testified that approximately three years ago he received the sum of $91,000.00 from the estate of his late father. He made no accounting for any of those sums other than $37,000.00 which he stated is presently on deposit in the Peoples Bank & Trust Company of Natchitoches and which is pledged against the loan made for the purchase and operation of his pawn business. There was no testimony or documentary evidence as to what happened to the funds derived from the liquidation of the successful liquor business. Mr. DeBlieux testified that his income is $50.00 per week from the pawn shop. Despite the fact that his income is $50.00 per week he nevertheless stated that he is willing to pay $350.00 per month in child support. Mr. DeBlieux’s only documentation of his lesser income was an income tax return and an affidavit prepared by himself. There was no explanation as to what happened to the $54,000.00 received from his father’s estate and unaccounted for. Upon cross-examination, Mr. DeBlieux admitted that he regularly bets on football games but was very evasive as to the amount that he bets on these games. Under further cross-examination and in response to a question as to whether or not he bet at least $400.00 per weekend on football games, he denied same but not with a great deal of authority. The Court finds as a matter of fact that Mr. DeBlieux was untruthful with the Court in answer to that question and that he does in fact, bet large sums of at least $400.00 per weekend on football games.
The testimony of Mr. DeBlieux taken as a whole convinces the Court that Mr. DeBlieux has been untruthful with the Court and that he has, in fact, not suffered a reduction in income. It is not plausible that Mr. DeBlieux would get out of the liquor store business and into the pawn shop business and continue to remain in the pawn shop business if he is only earning $50.00 per week. Considering the evidence as a whole, the Court is of the opinion that Mr. DeBlieux has suffered no reduction in income whatsoever, and his testimony as a whole and his demeanor on the stand indicated that he was being untruthful with the Court. He has failed to carry his burden of proof in this matter. This Court is of the opinion that Mr. DeBlieux has suffered no decrease in income and even if his income is in the amount that he states he has not proven that this is a reduction in income from what he enjoyed at the time the original judgment was entered.”
On appeal the appellant contends that the Order denying the decrease in child support and maintaining the $500.00 per *89 month child support was error due to the extenuating financial circumstances confronting Mr. DeBlieux and because of the “totality of the circumstances”.
The applicable law on reduction of child support payments is found in La.C.C. Art. 232, which allows a reduction when the moving party demonstrates a change in either (1) the parents’ ability to pay, or (2) the needs of the children. Mr. DeBlieux’s rule limited the issue to his contention that his ability to pay has been reduced. We will not consider the appellant’s argument raised on appeal that the totality of the circumstances require a reduction in child support. Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976).
This Court has recently discussed the issues pertaining to reductions in child support obligations. In Dupuy v. Dupuy, 421 So.2d 458 (La.App. 3rd Cir.1982) we noted:
“A trial court has considerable discretion in determining whether to modify child support awards and such determination will not be reversed except for an abuse of that discretion. Baer v. Simon, 334 So.2d 796 (La.App. 3 Cir.1976).
Under LSA-C.C. Art. 232 the discharge from or reduction of the alimony owed for the support of children may be sued for and granted ‘when the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part ... ’ Therefore one seeking a modification of an award for child support must show a change in the circumstances of the recipients or of the person obligated to pay. Walker v. Walker, 395 So.2d 433 (La. App. 3 Cir.1981). However, it is not every change in circumstances of the person obligated to pay which warrants a modification. As the court stated in Moore v. Moore, 380 So.2d 180 (La.App. 2 Cir.1980):
‘The support obligation imposed on the father and the mother of minor children by CC Art. 227 is firmly entrenched in our law and is a matter of public policy. Neither equity (CC Art. 21) nor practical inability to pay (CC Art. 232) overrides this policy or allows a parent to avoid paying his or her share of the obligation where the inability arises solely from that parent’s own neglect and failure. Laiche [v. Laiche] [237 La. 298, 111 So.2d 120] Supra. See also Halcomb v. Halcomb, 343 So.2d 1183 (La.App. 3rd Cir.1977); Baer v. Simon, 334 So.2d 796 (La.App. 3rd Cir.1976); Tablada v. Tablada, 356 So.2d 1031 (La.App. 1st Cir.1977); Shows v. Shows, 345 So.2d 975 (La. App. 2nd Cir.1977), cert. denied; Theriot v. Melancon, 311 So.2d 578 (La.App. 3rd Cir.1975).’
In the absence of a fortuitous change in circumstances authorizing a reduction in child support, a parent even in financial straights, is obligated to support the legitimate needs of his or her children during their minority. Halcomb, supra.”
Additionally, it is “contrary to the letter and spirit of the law to conclude that one required to pay [child support] should be relieved therefrom, either wholly or partially, when he has brought about his own unstable financial condition by voluntarily incurring subsequent obligations, secondary to the [child support] obligation, which render him unable to meet that obligation.” Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959).
A thorough review of the record convinces us that the district judge did not abuse his discretion or commit manifest error in finding that the appellant had not suffered a reduction in his ability to pay his child support obligation.