NORRIS, Judge.
This is an appeal by Patricia Ward from the judgment on rule which changed her sole custody of Kristi LeAnn Ward to joint custody between her and Alvis Ward, and modified the prior in globo award of child support. We affirm in part and reverse in part.
Patricia Ward and Alvis Ward, both residents of Texas, were divorced on July 18, 1981. Patricia Ward was appointed “managing conservator” of their two children, Lari Ann Ward, born July 28, 1969, and Kristi LeAnn Ward, born October 26, 1979. Alvis Ward was granted visitation and ordered to pay $500 per month child support, in globo. After the divorce Patricia Ward moved to Louisiana, and she currently resides in Bastrop. The Texas judgment was made executory in Louisiana on November 14, 1986.
On January 6, 1987 Alvis Ward filed the instant rule requesting joint custody of his daughters and, alternatively, modification of the child support award to allocate a specific sum of child support for each child. Hearing on the rule was held February 2 and 3, 1987. We note, as did the trial judge in his written reasons, that no evidence was presented detailing the parties’ financial conditions, nor the needs of either of the two minor children.
Alvis Ward testified that he had experienced considerable difficulty in exercising his court-awarded visitation. He related occasions when he traveled from his home in Pasadena, Texas to Bastrop to visit with his daughters and his visitation was frustrated by his former wife. Alvis Ward also claimed he had difficulty reaching Patricia Ward and his children by telephone, and contended he was denied access to the girls’ school records. Upon advice of his attorney, Alvis Ward began sending Patricia Ward certified letters in an attempt to exercise his visitation. The majority of the *784 letters were returned. Alvis Ward testified that his relationship with his daughters had been close during the marriage, but had deteriorated significantly since the divorce. Lari Ann had cursed him and told him that she hated him; Kristi LeAnn told him on occasions that she did not want to visit with him. The record reveals that not all the complications with visitation were instigated by Patricia Ward. The Texas decree had provided for visitation on specified weekends but Alvis Ward admitted that he was unable to adhere strictly to the weekends provided for in the judgment because of his work.
At the end of the hearing, the trial judge ordered that Kristi LeAnn Ward be evaluated by a court appointed psychologist. After receiving the evaluation, the trial court, in written reasons dated June 10, 1987, concluded that any custody award concerning the eldest child, Lari Ann Ward, would be moot, since she was almost 18 years of age. The trial judge changed the custody of Kristi LeAnn Ward to joint custody, with Patricia Ward remaining the primary custodial parent. The physical custody arrangements are very similar to those contained in the prior Texas decree. The major difference is that Kristi LeAnn will be spending up to 60 days, instead of two weeks, with her father during the summer. The trial judge also ordered that, effective August 1,1987,[1] child support for Lari Ann would terminate, and Alvis Ward’s monthly child support payments for Kristi LeAnn would be modified to $375 per month while Partida Ward had physical custody and $250 per month during the two months Alvis Ward exercised his joint custody.
Patricia Ward appeals and assigns the following errors:
(1) The trial court erred in altering the child support award when such relief was not prayed for and no evidence adduced to support a reduction of the child support award; and
(2) The court erred in awarding joint custody of Kristi LeAnn Ward when the record does not indicate that joint custody is in her best interest.
ASSIGNMENT NO. 1
Patricia Ward argues that the child support relief granted was not specifically prayed for, that there was no evidence adduced at trial to support the change in the award, and that Lari Ann Ward should still receive child support even though she had reached the age of majority when the judgment was signed because she was unmarried, still in secondary school, and dependent on her parents for support.
Alvis Ward’s initial pleadings asked “that the existing child support be modified to provide a specific amount of child support for each of the two minor children.”
An in globo award of child support for more than one child does not automatically undergo a pro rata reduction when the eldest child reaches majority. The parent paying child support must seek a court modification of the judgment to reduce the payments. LSA-R.S. 9:309; Wisdom v. Wisdom, 356 So.2d 1111 (La. App. 2d Cir.1978); Bordelon v. Bordelon, 380 So.2d 110 (La.App. 1st Cir.1979). The fact that one child has reached the age of majority and is no longer entitled to receive child support is considered a change in circumstances sufficient to warrant a modification of any award of child support. Grand v. Grand, 415 So.2d 431 (La.App 1st Cir.1982); Blondeau v. Blondeau, 396 So.2d 403 (La.App. 1st Cir.1981).
The general rule[2] is that the party seeking to modify a judgment awarding *785 child support bears the burden of showing that there has been a change in circumstances occurring during the period of time between the date of the judgment and the date of the rule for modification of the award of child support. LSA-R.S. 9:311; Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir., 1982); Dickinson v. Dickinson, 461 So.2d 1184 (La.App. 3d Cir.1984), writ denied 465 So.2d 736 (La.1985); Blondeau v. Blondeau, 396 So.2d 403 (La. App. 1 Cir.1981).
In his rule to change custody, Al-vis Ward only requested, alternatively, in the event the court did not grant him primary custody, that the child support award be modified to provide a specific amount of child support for each child. He did not allege that a change in circumstances had occurred. The rule to modify was filed January 6, 1987, and Lari Ann Ward’s 18th birthday was July 28, 1987. At the trial on the rule in February 1987 he offered no proof of a change in circumstances nor did he attempt to prove how the child support should be specifically allocated among his minor daughters. In sum, there was no showing in the instant case that a change of circumstances had occurred during the period of time between the date of the prior judgment and the date of the rule seeking to modify it. It would be unfair to make the defendant in rule speculate, at the time of trial, that some four months later the trial court would fashion a remedy modifying the award based on a change in circumstances that had not yet occurred and without evidence to support how the child support should be allocated.
Even assuming, but not holding, that Mr. Ward had a right to allocate a specific amount of the in globo award to each of his daughters, and that such allocation would not amount to a modification of the prior judgment necessitating proof of a change in circumstances, we would conclude that he had the burden of proving how the in globo award should be allocated. He made no effort to carry this burden and there is no presumption with an in globo award that equal amounts were intended for each child. Grand v. Grand, supra.
The trial court erred in modifying the child support award by terminating the support of the eldest child in the future and reducing the in globo award.
ASSIGNMENT NO. 2
Appellant argues that the record does not support the trial judge’s finding that it was in Kristi LeAnn’s best interest to award joint custody of her to Alvis and Patricia Ward.
After a trial court has made a considered decree of permanent custody, any party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). Once it is determined that a change of custody is warranted, a court must determine the most suitable custody plan. C.C. art. 157 specifies that in change of custody the principles enumerated in C.C. art. 146 are to be applied. The primary consideration in setting the new custody plan is the best interest of thé child. The plan that preponderates as being the best for the child is to be chosen. Bergeron v. Bergeron, supra; Dungan v. Dungan, 499 So.2d 149 (La.App. 2d Cir.1986). The presumption in favor of a joint custody plan only comes into play and requires the court to adopt the joint plan when the evidence is in equipóse. Berger-on v. Bergeron, supra.
*786 Neither party contends that the other is unfit to have custody of the child. The record establishes that Alvis Ward is certainly capable of caring for Kristi LeAnn when she is in his custody. The pictures of his house in Texas show that he would be able to provide a comfortable home. His wife is a housewife, who would be able and is willing to devote considerable time to Kristi LeAnn.
While the trial court did not make specific factual findings as to why a change in custody was warranted, it obviously concluded, based on credibility evaluations, that Alvis Ward was experiencing great difficulty in exercising his visitation privileges, that Patricia Ward had frustrated his visitation efforts, and that Kristi LeAnn had suffered from the lack of regular contact with her father. Dr. Stephenson, the court appointed psychologist, reported that Kristi LeAnn had become overly dependent on her mother, and that the nature of this relationship was detrimental to her welfare. Dr. Stephenson stated that Kristi LeAnn needed to have more contact and develop a better relationship with her father and strongly recommended a joint custody plan that would meet this need. Based on this record, the trial court obviously felt that the previous custody plan was producing results detrimental to Kristi LeAnn or it was clearly convinced that any harm which might result from a change in the prior custody award was substantially outweighed by the advantages to the child of increased contact with her father. Certainly, the plan fashioned by the court contains no substantial change in Kristi’s physical custody or her environment. The joint custody plan would also provide the father with access to school records, which he testified was previously denied.
The record supports the trial judge’s obvious conclusion that the previous Texas custody decree was producing detrimental results of such a nature as to justify its modification, and that the evidence was clear and convincing that any harm likely to be caused by a less than major change in environment was substantially outweighed by the advantages of the joint custody plan. The trial court’s decision concerning child custody is to be granted great deference and should not be changed absent a showing of an abuse of discretion. Hudson v. Hudson, 421 So.2d 1188 (La.App. 2d Cir.1982). We cannot say the trial court was manifestly erroneous in changing the previous custody award to joint custody.
We reverse that portion of the judgment below which modifies the child support award. The remainder of the judgment is affirmed.
Costs of this appeal are assessed one half to the appellee and one half to the appellant.
REVERSED IN PART AND AFFIRMED IN PART.

. Lari Ann Ward turned 18 on July 28, 1987.

. Our research has shown that there are two cases which might be construed to establish a limited exception to the rule that the change of circumstances must have taken place before the filing of the rule and the hearing. In Perkins v. Perkins, 388 So.2d 475 (La.App. 2d Cir.1980), this court approved of a judgment which provided for the future termination of an award when the eldest child would reach majority only 24 days after trial. However, Perkins was decided before the enactment of LSA-R.S. 9:311, and the issue of the absence of changed circumstances was not raised. The Fourth Circuit, in dicta, has indicated that it would be proper procedure for a child support obligor to obtain reduction of an in globo award after the oldest child reaches majority by filing for a reduction short *785 ly before the child's birthday and obtaining judgment dated on or immediately after the child’s majority birthday. The court made no reference to 9:311. Collier v. Collier, 516 So.2d 1157 (La.App. 4 Cir.1987). In the instant case the trial judge did not render his written decision until June 10, 1987 and the formal judgment was not signed until September 10, 1987, after Lari Ann's birthday. However, Alvis Ward’s petition was filed in January of 1987, and the hearing took place in early February of that year, over 5 months before Lari’s 18th birthday. These facts would not fall within even the limited exception that may have been set forth by Perkins, supra and Collier, supra.